# Brown *versus* The Camden and Atlantic Railroad Company.

1. The Act of 11th April 1867 (regulating the carriage of baggage) does not apply where baggage is carried by a foreign corporation in another state.

2. It is well settled that the place of the performance of a contract gives the law of its performance.

3. B. bought a ticket from Philadelphia to Atlantic City, New Jersey, from the C. & A. Railroad Company, a New Jersey corporation operating a railroad between those two places, and delivered his trunk to the company at Philadelphia to be taken to Atlantic City; the trunk was lost by the company, but it did not appear where the loss occurred. *Held*, in an action by B. to recover the value of the trunk and its contents, that as the contract was to be performed in New Jersey, by a New Jersey corporation, the Act of 11th April 1867 did not apply. *Held*, that the negligence of which the defendant was guilty was in the exercise of its franchise as a New Jersey corporation, and that its liability was to be determined by the law of that state. *Held*, also, that it made no difference that the undertaking was, in part, to carry the baggage across the Delaware river, as the inhabitants of both states have equal rights of navigation and passage on that stream.

4. A person who sends baggage by a common carrier is not bound to declare its value unless required to do so, and in the absence of proof to the contrary this will be presumed, in an action in the courts of this state, to be the rule of law in New Jersey.

5. Per SHARSWOOD, J.—A different rule would perhaps be adopted, had the plaintiff attempted to carry merchandise under the guise of luggage.

January 22d 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ. WILLIAMS, J., absent.

Error to the Court of Common Pleas, No. 4, of *Philadelphia county :* Of January Term 1875, No. 148.

This was an action on the case by Alexander Brown against the Camden & Atlantic Railroad Company, a corporation chartered under the laws of New Jersey, to recover from it as a common carrier the value of his trunk and its contents, alleged to have been lost by the defendant. These facts appeared at the trial : On August 9th 1873, the plaintiff purchased from the defendant, at its office in Philadelphia, a ticket to Atlantic City ; at the same time and place the company received his trunk and checked it to the same destination. The trunk was lost while in the possession of the defendant and no trace could be found of it, except that one Kates, the defendant's baggage agent, testified that he saw it at the time it was checked. There was no evidence as to where the loss occurred.

The defendant gave in evidence the New Jersey Act of 16th March 1853 (Acts of N. J., p. 396), limiting the responsibility of railroad companies, as carriers of baggage, to $100 for every one hundred pounds of baggage, in cases where notice to that effect is given, by being placed in a "conspicuous place in the receiving office for baggage" of the company and "inserted in the tickets given to the passengers." There was evidence that such a notice had been

[Brown v. The Camden & Atlantic Railroad Co.]

posted in the company's office, but there was no evidence of a notice being printed on the plaintiff's ticket.

The defendant also read in evidence the Act of Assembly of 11th April 1867 (Pamph. L. 69), entitled "An Act to regulate the carriage of baggage by railways," &c., which provides, that "no railroad company shall, under any circumstances, be liable for loss or damage to any baggage or property belonging to any passenger beyond the sum of $300, unless the excess in value was declared at the time," &c.

There was no evidence as to whether, under the rule of law in New Jersey, the plaintiff was bound to declare the value of the goods in his trunk to the defendant when it was checked.

At the trial the defendant's counsel was willing to concede that the case fell under Pennsylvania law, there being no evidence that the trunk was lost in New Jersey.

The court below directed the jury to find for the plaintiff, subject to these questions of law:—

1. Does the Pennsylvania statute of 1867 apply to a foreign corporation doing business in Pennsylvania?

2. If that statute does so apply, is the defendant's liability limited to $300?

The verdict was for the plaintiff in $1300. Afterwards, on motion, the court gave judgment on the reserved points for the defendant, and reduced the verdict to $300. The plaintiff below took this writ of error, assigning the judgment for error.

*W. Ernst* and *G. W. Dedrick*, for the plaintiff in error, argued the question of the application of the Act of 1867.

*S. Dickson* and *J. C. Bullitt*, for the defendant in error.—As the contract was made in Pennsylvania, and the loss presumably happened here, the case is governed by the law of this state: Wharton's Conflict of Laws, §§ 471–3; P. & O. Nav. Co. v. Shand, 11 Jur. N. S. 771; s. c. 3 Moore P. C. N. S. 272; Dike v. Erie Railway Co., 53 N. Y.

The carrier has a right to be informed of the value of packages delivered to him, and any concealment or misrepresentation will bar the right of recovery: Gibbon v. Paynton, 4 Burr. 2298; Relf v. Rapp, 3 W. & S. 21; Batson v. Donovan, 4 B. & Ald. 21.

Counsel also argued the question of the constitutionality of the Act of 1867.

Mr. Justice SHARSWOOD delivered the opinion of the court, February 5th 1877.

It will not be necessary to decide whether the Act of Assembly of April 11th 1867, Pamph. L. 69, is or is not constitutional, nor whether that act has any application to foreign railroad corporations

[Brown *v*. The Camden & Atlantic Railroad Co.]

making contracts for the carriage of passengers and their baggage in this state. The charter of the defendants, which was in evidence in the court below, showed that they derived their existence and privileges from the state of New Jersey, and the contract was made at their wharf in Philadelphia to carry the plaintiff and his baggage to Atlantic City, over a road lying entirely in the state of New Jersey.

It is perfectly well settled by a host of authorities, which it would be an affectation of learning to cite, that it is the law of the place of performance by which the mode of fulfilling a contract and the measure of liability for its breach must be determined: Wharton on Confl., sect. 401; Story on Confl., § 233. Without looking further it is sufficient to refer to Mullen *v*. Morris, 2 Barr 85, where it was held that the endorser of a bill of exchange drawn on the city of New York and payable there was liable for interest according to the legal rate of that state. See, also, Allshouse *v*. Ramsay, 6 Whart. 331.

As the contract relied on in this case as the ground of the liability of the defendants was to be performed in the state of New Jersey, we must look to the law of that state to determine the extent of that liability. It is no answer to say that part of the undertaking was to carry the plaintiff and his baggage across the Delaware to Camden, and so in part within the limits of Pennsylvania. That river is conterminous between Pennsylvania and New Jersey, and the inhabitants of both have equal rights of navigation and passage. By the compact between the two states of April 26th 1783, confirmed and ratified by the Act of September 20th 1783, 2 Sm. Laws 77, it was declared that " it is and shall continue to be and remain a common highway equally free and open for the use, benefit and advantage of the said contracting parties." It was by virtue of their franchise as a corporation derived from the state of New Jersey that the defendants made the contract. Nor would it make any difference if it appeared that the trunk was stolen or lost at the wharf in Philadelphia, of which, however, there was no evidence. The negligence of which the defendants are presumed to have been guilty was in the course of the exercise of their franchises as a New Jersey corporation, and the extent of their liability is therefore to be determined by the law of that state.

A statute of New Jersey on the subject was given in evidence, on the trial in the court below, but the defendants did not bring themselves within its provisions, by showing, *besides* a general notice posted in the railway office, such a notice to have been inserted in the ticket delivered to the plaintiff. The defendants, therefore, did not rely on this statute. Nor was any evidence given to show that the law of New Jersey independent of statute was not the same as the common law settled in this state. That law is, that the party who sends goods by a common carrier is not bound to

[Brown v. The Camden & Atlantic Railroad Co.]

declare their value unless required so to do : Relf v. Rapp, 3 W. & S. 26 ; Camden & Amboy Railroad Co. v. Baldaux, 4 Harris 67. The defendants did not question the plaintiff's statement of the value of the trunk, which consisted entirely of wearing apparel. A different rule would be adopted, perhaps, had the plaintiff attempted to carry merchandise under the guise of luggage. As we think the Act of 1867 was not applicable to this contract, it follows that the learned court below was in error in limiting the liability of defendants to $300, and reducing the verdict to that amount in entering judgment on the reserved point.

> Judgment reversed, and now judgment for the plaintiff on the reserved point for the full amount found by the jury.