W. J. TAYLOR AND D. E. VERBLE

v.

JOHN A. TOLMAN CO.

*Guaranty—Debt of Another—Acceptance—Agency.*

1. When an offer is made to guarantee a debt about to be created, and the party making the offer does not know that it will be accepted so that he may be ultimately liable, no contract exists between the person making the offer and the party to whom the guaranty was made until the offer is accepted and notice given thereof to the guarantor and of the intention to act thereunder.

2. When one guarantees the performance of an act or liability as a

Taylor v. Tolman Co.

present undertaking and for a consideration, the guarantor is in such case liable according to the terms of his contract and without notice.

3. A consideration being recited in the contract in the case presented, the defendants who signed the same can not be heard to say that it was not received, and the recital of the payment thereof was the acceptance of the guaranty, and the general principles applicable to a continuing guaranty do not extend to the bond of an ordinary agent.

[Opinion filed March 3, 1893.]

IN ERROR to the Circuit Court of Johnson County; the Hon. J. P. ROBARTS, Judge, presiding.

In November, 1887, Henry Hood was employed as traveling salesman by the John A. Tolman Co., a body corporate, and was required to indemnify that company against loss by reason of any moneys collected by him or that might be advanced to him, and plaintiff in error entered into the following written contract:

"In consideration of the sum of one dollar to me in hand paid by John A. Tolman Co., the receipt of which is hereby acknowledged, I hereby guarantee the payment to John A. Tolman Co. of any and all money collected by Henry Hood for account of John A. Tolman Co. and for all moneys they may from time to time advance to said Henry Hood in excess of the amount due said Henry Hood as per agreement between said John A. Tolman Co. and said Henry Hood, and to accept a verified statement of the account as kept in the regular books of said John A. Tolman Co. as correct and final between the said company and the said Henry Hood, and without requiring any demand or notice of default. My liability, however, is limited hereby to $500, together with all costs, attorney's fees and expenses that shall arise from enforcing collections, and for such amount this is intended as a continuing guaranty.

"Witness my hand and seal this 24th day of November, 1887, in the town of Sanburn and State of Illinois.

W. J. TAYLOR.
D. E. VERBLE."

Suit was brought on this contract by defendant in error, and on trial before the court, without a jury, a finding and judgment was entered for the plaintiff for $238.43, and defendants sue out this writ of error, and in the assignment of error, and brief and argument, present to this court for decision the question: Is this a continuing guaranty of such character as requires the guarantee to give the guarantors notice of their acceptance. No notice of acceptance was given.

Mr. WILLIAM A. SPANN, for plaintiffs in error.

Messrs. WHITNEL & GILLESPIE, for defendant in error.

MR. JUSTICE PHILLIPS. When an offer is made to guarantee a debt about to be created, and the party making the offer does not know that it will be accepted so that he may be ultimately liable, no contract exists between the person making the offer and the party to whom the guarantee was made until the offer is accepted and notice given thereof to the guarantor and of the intention to act under it. Newman v. Streator Coal Co., 19 Ill. App. 594; Mussey v. Rayner, 22 Pick. 223; Allen v. Pike, 3 Cush. 238; Babcock v. Bryant, 12 Pick. 133; Norton et al. v. Eastman, 4 Greenl. 521; Tuckerman v. French, 7 Id. 115; Douglas v. Reynolds, 7 Pet. 113; Edmonson v. Drake, 5 Id. 634; Adams v. Long, 12 Id. 207.

And the principle applicable to continuing guaranty is, until acted upon and notice given, the guarantors will not be liable. But when one guarantees the performance of an act or liability as a present undertaking, and for a consideration, the guarantor is in such case liable according to the terms of his contract and without notice, for in such case the liability of the guarantor is primary. Davis v. Wells, Fargo and Co., 14 Otto, 159; Voltz v. Harris, 40 Ill. 155. And even though the contract, as here, purports to be a continuing guaranty, the principle applicable to strictly continuing guaranties was held in the case in 14th Otto as not

applicable.  Under this contract a consideration is recited and the defendants can not be heard to say that the consideration was not received, and the recital of the payment of that consideration was the acceptance of the guaranty, and the general principles applicable to a continuing guaranty do not extend to the bond of an ordinary agent.  Estate of Michael Rapp v. The Phœnix Insurance Company, 113 Ill. 390.

<em>The judgment is affirmed.</em>