George Burnett *v.* The Pennsylvania Railroad Company, Appellant.

| 176 | 45 |
|---|---|
| 192 | 405 |

| 176 | 45 |
|---|---|
| e202 | ²226 |
| 202 | ¹227 |
| 202 | ²229 |
| 176 | 45 |
| 19 SC | 269 |
| 176 | 45 |
| 22 SC | 278 |
| 176 | 45 |
| f37SC | ¹279 |
| 38SC | 460 |
| 176 | 45 |
| 225 | 1476 |

*Railroads—Contract—Conflict of laws—Place of contracting and place of performance—Negligence—Free pass.*

Generally as to its formalities and its interpretation, obligation and effect, a contract is governed by the laws of the place where it is made, and if it is valid there it is valid everywhere; but the presumption is that parties enter into a contract with reference to the laws of the place of performance, and unless it appears that the intention was otherwise those laws determine the mode of fulfillment and obligation and the measure of liability for its breach; therefore when a contract is made in one state or country to be performed in another state or country its validity and effect are to be determined by the laws of the place of performance.

In an action by an employee of a railroad company against his employer to recover damages for personal injuries, it appeared that the defendant gave the plaintiff two passes, one from Trenton to Philadelphia, the terms of which did not appear in evidence, the other an employee's trip pass from Philadelphia to Elmira, by the terms of which he assumed all risks of accident. He was injured at Harrisburg, Pa., through the admitted negligence of the defendant's employees. By the law of New Jersey a con-

tract by which the railroad company is relieved from liability in consideration of free transportation is valid. In Pennsylvania such a contract will not relieve a railroad company from responsibility for negligence. *Held*, that the contract was governed by the law of Pennsylvania, and that plaintiff was entitled to recover.

Argued April 7, 1896. Appeal, No. 177, Jan. T., 1896, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1892, No. 684, on verdict for plaintiff. Before STERRETT, C. J., GREEN, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries. Before BRÉGY, J.

The facts appear by the opinion of the Supreme Court.

At the trial the court refused defendant's point which was as follows :

As the contract for transportation was made in New Jersey it will be enforced in this state as in that, and as the defendant was released from responsibility by the free pass, the verdict must be for the defendant : (1885) Brooke v. Western Railroad, 108 Pa. 530 ; (1889) Forepaugh v. Delaware Railroad, 128 Pa. 217 ; (1892) Fairchild v. Wilmington Railroad, 148 Pa. 530.

Verdict for plaintiff for $20,000 upon which judgment was entered for $12,000. Defendant appealed.

*Error assigned*, among others, was above instruction, quoting it.

*David W. Sellers*, for appellant.—The lex loci contractus prevails : Kinney v. Central R. R., 5 Vroom, 514 ; R. R. v. Lockwood, 17 Wall. 357 ; Brooke v. Western R. R., 108 Pa. 530 ; Bulger v. Roche, 28 Mass. 36 ; Forepaugh v. R. R., 128 Pa. 217 ; Fairchild v. Wilmington, 148 Pa. 529 ; Brown v. Atlantic R. R., 83 Pa. 316.

*A. S. L. Shields*, for appellee.—Admitting for the sake of argument that there was a contract and that it was made in New Jersey, it was nevertheless to be performed in Pennsylvania by a corporation of the latter state, and is governed by Pennsylvania law : Brown v. C. & A. R. R., 83 Pa. 316 ; Act of April, 1867, P. L. 69 ; Wharton on Conflict of Laws, sec. 401 ; Mullen v. Morris, 2 Pa. 85 ; Allshouse v. Ramsay, 6 Whart. 331 ; Act of September 20, 1783, 2 Sm. Laws, 77 ; Forepaugh

v. R. R., 128 Pa. 217; Waverly Nat. Bank v. Hall, 150 Pa. 466; Scudder v. Union Nat. Bank, 91 U. S. 406; Robinson v. Bland, 2 Burr, 1077; Lloyd v. Guibert, L. R. 1 Q. B. 120; Wayman v. Southard, 10 Wheat. 48; Hamlyn v. Talisker Distillery, App. Cas. (1894) 202; Cohen v. South-Eastern Ry., L. R. 1 Ex. Div. 253.

Such a contract, if made in Pennsylvania, would be valid, as it is well settled that a common carrier cannot release himself from liability for negligence by any form of notice, stipulation, or contract: Buffalo, Pittsburg & Western R. R. v. O'Hara, 12 W. N. C. 473; Pennsylvania R. R. v. Butler, 57 Pa. 335; Goldey v. Pennsylvania R. R., 30 Pa. 242; Pennsylvania R. R. v. Henderson, 51 Pa. 315; Gulf etc. R. R. v. McGinn, 65 Texas, 640; Knowlton v. Erie R. R., 19 Ohio, 260; Ohio etc. R. v. Selby, 47 Ind. 471; Louisville etc. R. R. v. Faylor, 126 Ind. 126; Bryan v. Missouri Pac. R. R., 32 Mo. App. 228.

Such a contract being invalid if made in Pennsylvania, because contrary to the policy of Pennsylvania law, is none the less invalid and unenforceable in this state when made by a Pennsylvania corporation elsewhere and when the attempt is made to enforce it in Pennsylvania courts: Brooke v. New York etc. R. R., 108 Pa. 530; Coup v. R. R., 56 Mich. 111.

OPINION BY MR. JUSTICE FELL, May 28, 1896:

The refusal of the court to charge that " as the contract for transportation was made in New Jersey it will be enforced in this state as in that, and as the defendant was released from responsibility by the free pass the verdict must be for the defendant," raises the only question to be considered. The plaintiff was employed by the defendant as a flagman at Trenton, N. J. He applied for and was granted free transportation for himself, his wife and daughter to Elmira, N. Y. He received two passes— one from Trenton to Philadelphia, the terms of which do not appear in evidence; the other an employee's trip pass from Philadelphia to Elmira, by the terms of which he assumed all risks of accident. He was injured at Harrisburg, Pa., through the admitted negligence of the defendant's employees.

It was proved at the trial that under the laws of New Jersey the contract by which the plaintiff in consideration of free transportation assumed the risk of accident was valid, and that in

that state he could not recover; and it is conceded that in Pennsylvania the decisions are otherwise, and that such a contract will not relieve a common carrier from responsibility for negligence: Goldey v. Penna. R. R. Co., 30 Pa. 242; Penna. R. R. Co. v. Henderson, 51 Pa. 315; Penna. R. R. Co. v. Butler, 57 Pa. 335; Buffalo, Pittsburg & Western R. R. Co. v. O'Hara, 12 W. N. C. 473. The question then is: By the laws of which state is the responsibility of the defendant to be determined?

The defendant is a corporation of the state of Pennsylvania. The injury occurred in the operation of its road in this state. The passes, although issued and delivered in New Jersey, were for transportation from the station in Trenton directly across the Delaware river into this state. The service was to be rendered here; this was the place of performance.

Generally as to its formalities and its interpretation, obligation and effect, a contract is governed by the laws of the place where it is made, and if it is valid there it is valid everywhere; but when it is made in one state or country to be performed in another state or country its validity and effect are to be determined by the laws of the place of performance. It is to be presumed that parties enter into a contract with reference to the laws of the place of performance, and unless it appears that the intention was otherwise those laws determine the mode of fulfillment and obligation and the measure of liability for its breach: Daniel on Negotiable Instruments, 658; Byles on Bills, 586; 2 Kent's Commentaries, 620; Wharton on the Conflict of Laws, sec. 401; Story on the Conflict of Laws, sec. 280; Scudder v. Union National Bank, 91 U. S. 406; Brown v. C. & A. R. R. Co., 83 Pa. 316; Waverly Bank v. Hall, 150 Pa. 466. The decision in Brown v. C. & A. R. R. Co. (supra) seems to be conclusive of this case. In that case a ticket was issued in Philadelphia by a New Jersey corporation operating a railroad in that state, and the plaintiff's trunk was delivered to the defendant in Philadelphia, and it did not appear where it had been lost. The liability being admitted, the question was whether the laws of Pennsylvania limiting the amount of liability applied. It was held that as the service was to be rendered by a New Jersey corporation in New Jersey the laws of the place of performance controlled. It was said in the opinion by SHARSWOOD, J.: " The negligence of which the defend-

ants are presumed to have been guilty was in the course of the exercise of their franchises as a New Jersey corporation, and the extent of their liability is therefore to be determined by the laws of that state."

The judgment is affirmed.