# Henry C. Musser v. Samuel D. Stauffer, Appellant.

*Contracts—Foreign contracts—Lex loci contractus.*

Matters connected with the performance of a contract are governed by the law prevailing at the place of performance.

*Evidence—Foreign laws—Reported decisions.*

The decisions of the highest court of the state of Virginia appearing in the authenticated reports of such decisions, to the effect that a contemporaneous parol agreement is not available as a defense to a written contract, are, if unanswered, a sufficient rebuttal of the presumption that the law of Pennsylvania is the same in this respect as the law of Virginia.

Argued May 19, 1898. Appeal, No. 182, Jan. T., 1898, by defendant, from judgment of C. P. Lancaster Co., June T., 1895, No. 49, on verdict for plaintiff. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit on promissory notes.

The plaintiff's statement shows that on the 11th day of November, 1890, he sold the defendant at Roanoke, Virginia, eight lots of ground in the city of Roanoke in the state of Virginia; in consideration of which the defendant assumed and agreed to pay as part of the purchase money twelve notes of $83.33 and four of $83.34, which notes had been made by the plaintiff and were payable to and held by the Melrose Land Company of Roanoke, Virginia, amounting in the aggregate to $13,333.32, and

in further consideration for the sale of said lots, the defendant gave the plaintiff sixteen promissory notes, dated said 11th day of November, 1890, for $33.33 each, eight of which were payable in one year from date and eight in two years from date. Defendant having neglected and refused to pay eleven of the notes assumed by him plaintiff was compelled to pay them; and he claimed for the amount of said eleven notes which he had been compelled to pay to the Melrose Land Company and for the sixteen notes which defendant had given him. The notes were executed in Virginia, and were to be paid in Virginia. See Musser v. Stauffer, 178 Pa. 99.

Other facts appear by the opinion of the Supreme Court:

At the trial, defendant, under the plea of payment, offered to prove by Samuel D. Stauffer, to be followed by the testimony of another witness to the same effect, that " H. C. Musser agreed with Samuel D. Stauffer, subsequently to the execution of the notes, that, if the arrangement would be made with the Monitor Steam Generator Company of Lancaster to enable him to pay the notes by retaining money which he was to collect from the Roanoke Steam Generator Company, he would collect the money from the Roanoke Steam Generator Company; and such arrangement was made with the Lancaster Steam Generator Company." [3]

Disallowed.   Bill sealed for defendant.

The defendant offered to prove, by his own testimony, that at the time the notes on which this suit was brought were executed and delivered to plaintiff and at the time the agreement was made by defendant to assume the notes given by plaintiff to the Melrose Land Company, there was a contemporaneous parol agreement between the parties to the effect that the said notes should not be paid nor their collection enforced otherwise than by deduction on the part of Musser, of their amount from certain moneys to be paid by him on behalf of the Monitor Steam Generator Company of Roanoke, Virginia, in which he was interested as a stockholder, to the Monitor Steam Generator Company of Lancaster, Pennsylvania, in which Stauffer was a stockholder, and that Stauffer was induced to sign them by said agreement.

Disallowed.   Bill sealed for defendant. [6]

The defendant offered to prove that, at the time of the execution and delivery of the notes in suit, and of the deed in trust from Stauffer to Musser, and of the deed from Musser and wife to Stauffer, which have been offered in evidence, Musser agreed with Stauffer that the said notes and his assumption to pay the other notes were not to be paid by Stauffer till Musser had collected certain moneys owing by the Monitor Steam Generator Company of Roanoke, in which said Musser was interested, to the Steam Generator Company of Lancaster, in which Stauffer was interested, and were then to be deducted from the said moneys by Musser, and that he was not to look for or receive payment for such obligations in any other way.

Disallowed.   Bill sealed for defendant.  [7]

The defendant offered to prove that, at the time of the execution of said notes and contract, namely, on April 1, 1891, in the city of Lancaster, Pennsylvania, Musser agreed that Stauffer should never actually pay him any moneys on said notes, but that he would rely solely on the mortgage deed in trust which he had on said lands, unless and until he had collected for the Monitor Steam Generator Company of Lancaster, Pennsylvania, $45,000 about due on a certain contract with the Monitor Steam Generator Company of Roanoke, Virginia, and $80,000 due to the Monitor Steam Generator Company of Lancaster, and the transfer and assignment of certain patents and territorial rights ; to be followed by proof of such contracts between said companies and by evidence that said companies had ratified, approved and confirmed said agreements between Musser and Stauffer.

·Disallowed.   Bill sealed for defendant.  [8

The defendant offered to prove that the contract for the purchase of certain lots ˙in Roanoke, Virginia, previously offered in evidence, and dated Roanoke, Virginia, November 11, 1890, marked " H. C. B. 9," was actually made and delivered to Musser in the state of˙ Pennsylvania.

Disallowed.   Bill sealed for defendant.  [9]

The defendant offered to prove that, at the time the deed in trust from Stauffer to Musser was executed, and, at the time of the execution of the notes in suit, Musser agreed that these notes and the obligations to assume other notes contained in the deed of trust and on which this suit was brought need not

be paid by Stauffer till Musser had collected and paid over moneys due and owing from the Monitor Steam Generator Company of Roanoke, Virginia, in which he, Musser, was interested, to the Monitor Steam Generator Company of Lancaster, Pennsylvania, in which Stauffer was interested as a stockholder, and that, when said moneys were thus collected by Musser and paid over, the amount of these notes and obligations should be deducted therefrom ; to be followed by proof that this arrangement was known to, ratified, confirmed and approved by said Monitor Steam Generator Company of Lancaster, Pennsylvania, and the Monitor Steam Generator Company of Roanoke, Virginia ; to be followed by other proof that Stauffer was interested as a stockholder to the amount of one fourth of the entire capital stock of the Monitor Steam Generator Company of Lancaster, Pennsylvania.

Disallowed. Bill sealed for defendant. [10]

The defendant offered to prove that the arrangement and promise of Musser, referred to in the foregoing offer, were the inducement and consideration upon which he signed said notes and assumed payment of the notes from Musser to the Melrose Land Company, referred to in the deed of trust.

Disallowed. Bill sealed for defendant. [11]

The defendant renewed the two foregoing offers of testimony, to be followed by proof of corroborating circumstances and the testimony of two other witnesses who heard the conversation between Musser and Stauffer at the time of the execution of said notes and deed in trust.

Disallowed. Bill sealed for defendant. [12]

The defendant offered to prove that, at the time of the execution of said deed of trust and notes, Musser agreed that Stauffer need not actually pay to him any moneys on said notes or on the assumption to pay the notes of Musser to the Melrose Land Company; but that, in case he failed to collect the moneys owing from the Monitor Steam Generator Company of Roanoke, Virginia, to the Steam Generator Company of Lancaster, Pennsylvania, and to deduct therefrom the amount of said notes and obligations, he would rely solely on the deed in trust which he had taken and on the security of the land which it covered.

Disallowed. Bill sealed for defendant. [13]

The defendant offered to prove that, at the time the notes on
VOL. CXCII—26

which this suit was brought were executed and delivered to plaintiff, and at the time the agreement was made by defendant to assume the notes given by plaintiff to the Melrose Land Company there was a contemporaneous parol agreement between the parties, to the effect that the said notes should not be paid nor their collection enforced otherwise than by deduction on the part of Musser of their amount from certain moneys to be paid by him on behalf of the Monitor Steam Generator Company of Roanoke, Virginia, in which he was interested as a stockholder, to the Monitor Steam Generator Company of Lancaster, Pennsylvania, in which Stauffer was a stockholder, and that Stauffer was induced to sign them by said agreement.

Disallowed.    Bill sealed for defendant. [14]

The defendant offered to prove that, at the special instance and request of H. C. Musser, the defendant induced the Monitor Steam Generator Company of Lancaster to agree that H. C. Musser should retain, out of the moneys that he was to collect for it, the amount of these notes made by the defendant and assumed by him, and that Musser agreed that, if such action were taken by the Lancaster Steam Generator Company, he would look for payment of the notes to the money he was to so collect for it.

Disallowed.    Bill sealed for defendant. [15]

The defendant offered to prove that the Lancaster Steam Generator Company did agree that Mr. Musser should retain for the payment of said notes moneys which he had collected or was to collect for it.

Disallowed.    Bill sealed for defendant. [16]

The defendant offered to prove, to be followed by the testimony of another witness to the same effect, that H. C. Musser agreed with Samuel D. Stauffer, subsequently to the execution of the notes, that, if the arrangement would be made with the Monitor Steam Generator Company of Lancaster to enable him to pay the notes by retaining money which he was to collect from the Roanoke Generator Company, he would collect the money from the Roanoke Generator Company; and such arrangement was made by the Lancaster Steam Generator Company.

Disallowed.    Bill sealed for defendant. [17]

Verdict and judgment for plaintiff for $2,047.50. Defendant appealed.

*Errors assigned* among others were (3, 6–17) rulings on evi-‛ dence, quoting the bill of exceptions.

*W. U. Hensel*, of *Brown & Hensel*, for appellant.—The laws of another state of the Union are to be proved as those of a foreign country : Ripple v. Ripple, 1 Rawle, 386 ; Bennett v. Cadwell, 70 Pa. 253 ; Van Auken v. Dunning, 81 Pa. 464.

Upon the trial of the case below, no attempt was made to prove the laws of Virginia " as any other fact." Citations were made from the reports, but it has been held, time out of mind, that foreign laws must be proved as facts : Story on Conflicts of Laws, sec. 637 ; Rorer on Inter-State Law, 163 ; 1 Randolph on Commercial Paper, 34 ; Male v. Roberts, 3 Esp. N. P. 163 ; 1 Daniels on Negotiable Instruments, 890 ; Braintrim Twp. Overseers v. Windham Twp. Overseers, 10 Pa. C. C. 251 ; Harlan's Est., 16 Pa. C. C. 51 ; Coleman's Est., 13 Pa. C. C. 81.

*L. N. Spencer* and *George Nauman*, with them *E. D. North*, for appellee.—These contracts are Virginia contracts, and the law of that state must govern in determining their validity, nature, obligation and construction : Baum v. Birchall, 150 Pa. 164 ; Burnett v. Penna. R. Co., 176 Pa. 45 ; 2 Kent's Commentaries, 460 ; Story on Conflict of Laws, sec. 280 ; Brown v. C. & A. R. R. Co., 83 Pa. 316 ; Waverly Nat. Bank v. Hall, 150 Pa. 466 ; Tenant v. Tenant, 110 Pa. 484 ; Mullen v. Morris, 2 Pa. 85 ; Wharton on Conflicts of Laws, sec. 401 ; Hill v. Chase, 143 Mass. 129 ; Tilden v. Blair, 21 Wall. 241.

The unwritten or common law of another state may be proved by the books of reports adjudged in its courts, and the proof is to the court and not to the jury : Cragin v. Lamkin, 7 Allen, 395 ; Bollinger v. Gallagher, 170 Pa. 85 ; Mullen v. Morris, 2 Pa. 85 ; Tenant v. Tenant, 110 Pa. 478 ; Waverly National Bank v. Hall, 150 Pa. 466 ; Bock v. Lauman, 24 Pa. 435 ; Forepaugh v. R. R. Co., 128 Pa. 217.

The written contracts in this case, being Virginia contracts, must be governed by determining their validity, nature, obligation and construction by the laws of Virginia ; and if, on the trial of this case in the courts of Virginia, the parol testimony offered by defendant would not be admissible, it was, therefore, not admissible in the trial below and was properly ruled out by

the court: Sangston v. Gordon & Riely, 22 Grattan, 755; Watson v. Hurt, 6 Grattan, 633; Leas v. Eidson, 9 Grattan, 277; Carter v. McArtor, 28 Grattan, 356; Barnett v. Barnett, 83 Va. 504; Towner v. Lucas, 13 Grattan, 705.

In the absence of fraud, accident or mistake, the terms of a deed cannot be varied by parol evidence of what occurred between the parties, either before or during its execution; all prior contracts, written or oral, between them, being merged in the subsequent deed: Shenandoah Valley R. R. Co. v. Dunlop, 86 Va. 346; Calhoun & Cowan v. Wilson, 27 Gratt. 639; Johnson v. Mann, 77 Va. 265; Miller v. Fletcher, 27 Gratt. 403; Redd v. Commonwealth, 85 Va. 648; Tait's Exr. v. Central Lunatic Asylum, 84 Va. 271; Bonsack Machine Co. v. Woodrum, 88 Va. 512; Shirley v. Rice, 79 Va. 442; Bast v. Bank, 101 U. S. 93.

OPINION BY MR. JUSTICE McCOLLUM, July 19, 1899:

On the first appeal in this case the only question for our determination was whether the court below erred in holding that the affidavits of defense were sufficient to prevent summary judgment on the plaintiff's claim. The claim was based on certain notes executed and delivered by the defendant to the plaintiff in consideration of a conveyance by the latter to the former of certain lots situate in the city of Roanoke, Virginia. The notes appeared on their face to have been made in Roanoke, Virginia, and were, by their express terms, negotiable and payable at the Commercial National Bank of Roanoke in said city. The lots conveyed by the plaintiff to the defendant were conveyed by the latter to Horace M. Engle in trust to secure the payment of said notes as they matured. The defense to the claim was that the defendant was induced to purchase the lots and execute and deliver the notes by a contemporaneous parol agreement, the performance of which was a condition precedent to the payment of the notes, and which agreement the plaintiff had not complied with. The nature and terms of the alleged parol agreement were fully set forth in the affidavits of defense which appear in 178 Pa. on pages 100, 101 and 102. We held that the question raised by the rule for judgment must be determined upon the claim and the affidavits of defense constituting the answer thereto; that in the absence

of evidence to the contrary the law of the forum was presumed to be the same as the law of the place of the contract, and that the court below did not err in discharging the rule and refusing judgment. The ruling complained of was therefore sustained.

On the trial of the case in the court below it was shown by evidence, recognized by the courts of this state as relevant and competent, that by the laws of Virginia a contemporaneous parol agreement was not available as a defense to a written contract. The evidence consisted of the decisions of the highest court of the state of Virginia, and appeared in the authenticated reports of such decisions. The evidence unanswered may therefore be considered as a sufficient rebuttal of the presumption that the law of the forum is the same as the law of the place of the contract.

It is well settled that matters connected with the performance of a contract are governed by the law prevailing at the place of performance: Brown v. The Camden & Atlantic Railroad Company, 83 Pa. 316 ; Waverly National Bank v. Hall et al., 150 Pa. 466 ; Burnett v. Penna. R. Co., 176 Pa. 45. The law applicable to the principal questions we have to consider is stated by our Brother FELL in the case last cited, as follows : " Generally as to its formalities and its interpretation, obligation and effect, a contract is governed by the laws of the place where it is made, and if it is valid there it is valid everywhere ; but when it is made in one state or country to be performed in another state or country its validity and effect are to be determined by the laws of the place of performance. It is to be presumed that parties enter into a contract with reference to the laws of the place of performance, and unless it appears that the intention was otherwise these laws determine the mode of fulfillment and obligation and the measure of liability for its breach." It is not necessary to cite in this opinion other decisions and cases applicable to the questions raised by the assignments, because the cases and decisions already referred to are clearly sufficient to sustain the rulings complained of. The offers contained in the third and seventeenth assignments do not require special notice. It is not averred in the offers that the alleged parol agreement was made subsequent to the delivery of the notes or the completion of the negotiations which resulted in the sale and conveyance of the lots. The offers are substantially the

same as the offers to prove a contemporaneous parol agreement as the inducement to the execution of the written contracts. There is no designation in the offers of the time when or place where the alleged agreement was made, nor anything discoverable in them which warrants an inference of a parol agreement entered into between the parties after the written contracts and obligations were executed and delivered, and by which said contracts and obligations were annulled or modified.

The assignments of error are dismissed and the judgment is affirmed.