## State Bank of Chicago *v.* King, Appellant.

*Conflict of laws—Evidence—Proof of foreign law—Contracts— Guaranty and suretyship—Actions on guaranties—Binding instructions.*

1. A contract made and to be performed in another state is to be construed, and its validity and the nature of its obligation is to be determined, in accordance with the law of that state.

2. Where in an action on a contract of guaranty made and to be performed in Illinois no formal proof of the law of Illinois was made, but it appeared that the case was tried on the theory that the law of Illinois was applicable, and that such law had been made to appear to the trial court from the official printed reports, the Supreme Court will not reverse a judgment for the plaintiff, and send the case back for a new trial, because the law of Illinois was not formally introduced in evidence, although proper practice requires that the law of another state be proven by expert testimony or by formally offering in evidence the printed volumes.

3. Where, in such case, the defense was that no notice of the acceptance of the guaranty was given by the plaintiff to the defendant, and that the names of two guarantors were added to the guaranty after defendant had signed it, without his knowledge or consent, and where it appeared that by the law of Illinois no such notice was necessary in cases where the guaranty had been acted upon, and the addition of the names of other guarantors after defendant had signed would constitute no defense as to him, the court made no error in directing a verdict for plaintiff.

Argued Nov. 5, 1913. Appeal, No. 262, Oct. T., 1913, by defendant, from judgment of C. P. Allegheny Co., June T., 1909, No. 963, on verdict for plaintiff by direction in case of State Bank of Chicago, a corporation

chartered and doing business under the laws of the State of Illinois, at Chicago, in said State of Illinois, v. Edward D. King. Before BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Foreign attachment in assumpsit on a contract of guaranty. Before COHEN, J.

The opinion of the Supreme Court states the facts.

The trial judge directed a verdict for plaintiff for $3,037.37, the amount of the claim with interest. Defendant appealed.

*Error assigned,* among others, was the charge to the jury.

*John Rebman, Jr.,* with him *James McLaren,* for appellant.

*Stephen Stone,* of *Stone & Stone,* for appellee.

OPINION BY MR. JUSTICE POTTER, February 2, 1914:

This is an action of foreign attachment brought by the State Bank of Chicago, a corporation of Illinois, against Edward D. King, defendant, and the Fidelity Title & Trust Company, as garnishee. The defendant appeared, and entered security, and the attachment was dissolved. The suit is based on a contract of guaranty, of which the following is a copy: "For value received and in further consideration of the discounting from time to time by the State Bank of Chicago for the Finsen Light Institute of America, an Illinois corporation, of notes, acceptances and other commercial paper, signed or endorsed by said Finsen Light Institute of America, we hereby jointly and severally guarantee the prompt payment of all notes, drafts, acceptances and other commercial paper so discounted or money advanced thereon by the said State Bank of Chicago for the said Finsen Light

Institute of America not to exceed at any one time the sum of $3,000, this guaranty to remain in full force as a continuing guarantee until revoked in writing.

"In Witness Whereof, we have this day set our hands and seals this 10th day of July A. D. 1906."

This paper was executed by the defendant and six other persons, and was delivered to the plaintiff at Chicago, Illinois. Under this guaranty the plaintiff claimed to recover for the amount of three notes, discounted for the Finsen Light Institute of America, aggregating with interest $3,037.57. Three defenses were set up: (1), that no notice of the acceptance of the guaranty was given by plaintiff to defendant; (2), that two names of guarantors were added to the guaranty, after defendant had signed it, without his knowledge or consent, and (3), that plaintiff had not exhausted its remedies against the principal debtor. The first and second defenses only are pressed upon this appeal, and the third has apparently been abandoned. Upon the trial in the court below a verdict was directed for the plaintiff, in the sum of $3,000, the full amount of the guaranty. From the judgment entered upon this verdict, the defendant has appealed.

The contract was made and was to be performed in the State of Illinois. It is to be construed, and its validity and the nature of its obligation is therefore to be determined in accordance with the law of that state: Musser v. Stauffer, 192 Pa. 398; Tenant v. Tenant, 110 Pa. 478.

The record in this case does not show that proof was made in any manner of the law of Illinois, as applicable to the question involved. It does appear, however, from the opinion of the trial judge, that the court below at some point in the case was, "referred to the official printed reports of the decisions of the courts of last resort of Illinois." The proper practice would have been to prove the law of Illinois upon the point involved by a skilled witness having knowledge thereof, or at least, to

have formally offered in evidence the volumes containing the decisions relied on to establish the law, by the party producing them. It is clear from the record however that the case was in fact tried in the court below, on the theory that the law of Illinois is applicable, and that such law had been duly made to appear to the trial court. A reference to defendant's affidavit of defense shows that it is there averred, that under the law of Illinois lack of notice is a complete defense. And in the supplementary affidavit of defense it is stated that defendant expects to be able to prove on the trial of this case that the failure to notify defendant is a complete defense. Among the reasons filed for a new trial we can find no suggestion that the court below erred in deciding the case under the Illinois law, without having had the law properly put in evidence. The court below in its opinion says: "The law of Illinois has, however, been proven by plaintiffs. Notwithstanding the fact that defendant in his defense filed, contended that the law of Illinois governs this case without stating the law itself, yet in his brief filed, the law of Pennsylvania is claimed to be the test by which this case is to be determined. This position cannot be sustained. The court having been referred to the official printed records of the decisions of the courts of last resort of Illinois, such proof is sufficient evidence as to what the law is in that state." Therefore, as we stated above, it is evident that this case was actually tried upon the theory that the law of Illinois was properly in evidence, and that the decision was to be controlled thereby. Having due regard to correct practice, we cannot approve of the failure in this case, to make formal proof of the law of another state. Yet we do not see that anything would be gained by reversing the judgment for that reason and sending the case back for a new trial. The formality of offering in evidence, the law of Illinois, would result merely in presenting the question at issue, precisely as it has already been considered in the court below, and as it should be

considered here now.  The latest Illinois case cited by
the court below is Frost v. Metal Co., 215 Ill. 240, where
the guaranty was worded as follows:  I hereby guaran-
tee the puchase account of George K. Harrington & Co.
to the amount of one thousand five hundred dollars
($1,500)."  Credit was given on the faith of the guar-
anty, and when the guarantor was sued, after default
of the principal, he defended, on the ground that notice
of acceptance of the guaranty had not been given to him.
Mr. Justice BOGGS said, (p. 242):  "The guaranty is
absolute and unqualified and such guaranties become
effective as soon as acted upon.  An acceptance is neces-
sary to create liability if there is only a proposal to
guarantee, but that rule has no application when the
undertaking is primary and absolute."

The opinion refers with approval to 14 Am. & Eng.
Ency. L. (2d Ed.), 1145, where it is said:  "Where a
guaranty is absolute no notice of its acceptance is neces-
sary to fix the liability of the guarantor, unless notice
be made a condition of the guaranty.  An absolute
guaranty takes effect as soon as it is acted upon, and to
support an action against the guarantor, nothing more
is necessary to be shown than that the party to whom it
is addressed acted upon it."  In Taylor v. Tolman Co.,
47 Ill. App. 264, also cited by the court below, the con-
tract recited a consideration.  This was held to make it
an absolute guaranty.  Mr. Justice PHILLIPS said, (p.
267) :  "Under this contract a consideration is recited
and the defendants cannot be heard to say that the con-
sideration was not received, and the recital of the pay-
ment of that consideration was the acceptance of the
guaranty."  In Mamerow v. Lead Co., 98 Ill. Ap. 460,
affirmed in 206 Ill. 626, where a guaranty of the pay-
ment by a corporation, of which the guarantors, as in
the case at bar, were stockholders and directors, "of all
moneys, debts, obligations and demands, of whatever
nature or character, now due or which may hereafter
become due," was in question, it was held (p. 463) that

the guarantee having been executed and delivered, "no notice (of acceptance) was necessary under the facts."

Under these authorities we think the court below was entirely right in holding that the guaranty in the present case, reciting as it does a consideration, is absolute, and that it took effect as soon as it was acted upon, and no notice to the gaurantors, of its acceptance was necessary.

As to the question of the effect of the alteration of the guaranty, by the addition of two other names, the law of Illinois upon this question appears to be as set forth in Ryan v. Bank, 148 Ill. 349. The syllabus there reads: "While the general rule is, that the unauthorized alteration of a contract by a party to it renders the same void, the rule has been so far relaxed, at least in this country, that such an alteration even though made by a party to the contract, will not destroy its validity, unless the alteration is found to be material." In the case of The Governor v. Lagow, 43 Ill. 134; the Supreme Court of Illinois, by Mr. Justice Breese, said (p. 145): "Upon the point made by appellees that the signature of James Nabb was obtained to the bond after their testator had signed it, we are of opinion it did not avoid the bond if done before its delivery to the Governor. Before its delivery, Ryan could have procured as many names as he chose to his bond." Under these cases the fact that the names of two additional guarantors were added after the defendant had signed would constitute no defense for him. The contract of guaranty, was joint and several. The addition of the two names imposed no additional liability on appellant, but on the contrary relieved him to the extent of providing additional persons, from whom he would be entitled to demand contribution, if he should be compelled to pay anything under his contract. He was not prejudiced in any way by the change.

The assignments of error are overruled, and the judgment is affirmed.