Danz Estate.

Argued April 23, 1971. Before Bell, C. J., Jones, Eagen, O'Brien, Pomeroy and Barbieri, JJ.

reargument refused November 22, 1971.

*Joseph J. Carlin,* for appellant.

*John D. Lucey, Jr.,* with him *James M. Marsh* and *LaBrum and Doak,* for appellees.

Opinion by Mr. Justice Barbieri, October 12, 1971:
This is an appeal from a decree entered by an Auditing Judge of the Orphans' Court Division of the Common Pleas Court of Philadelphia, modifying the schedule of distribution submitted by the executor, appellant

herein, in connection with his first and final account. Appellant filed exceptions to the decree which were dismissed by the Court *en banc,* which confirmed the decree absolutely. It is from that decision that appellant has filed this appeal.

The decedent, Joseph Danz, died on October 13, 1963 leaving a will which was duly probated and on which letters testamentary were granted to appellant. At the audit a claim against the estate was presented by decedent's nephew, Lothar Danz, and his wife, Frieda (nee Wiegand) Danz, appellees. The claim was based upon an alleged gift contract executed by the decedent on October 12, 1963, the day before his death, while he was hospitalized in Darmstadt, Federal Republic of Germany (hereinafter West Germany). The claim was denied by the accountant.

The amount claimed by appellee is $6,564.01 representing the amount withdrawn from decedent's account in a Philadelphia bank and forwarded to the claimants a few days prior to decedent's death. That check, however, did not clear before the bank was notified of decedent's death and, therefore, was not honored. A similar check in the amount of $3,307.20 withdrawn from another Philadelphia bank, again prior to decedent's death, did clear before notice of the decedent's death was received. In connection with this amount the accountants claim a set-off against the claimant's distributive share of the estate. The auditing judge sustained appellees' claim and dismissed the executor's set-off claim.

Appellees-claimants asserted that under West German law they had a valid claim against the estate as the document executed by decedent on October 12, 1963, is a "deed of gift" for which specific performance is available under the German Civil Code. At the audit, a qualified expert on West German law testified concerning the code provisions dealing with gifts. During

his testimony, he translated the pertinent sections of the code as follows: "The so-called paragraph, as we call it, 518 reads: 'A contract through which a consideration is promised as a gift equal to donation is only valid in the form of a notarial or court document.' . . . A notarial form or the court form . . . the law means that a document has to put down the promise of the gift and that document has been made —not notarized but has been made by a notary public who is a lawyer also in Germany, or has been executed by the court in practice by the clerk of court with the stamp of the court or of the notary. . . . Such a gift promise is in German law a contract, *sui generis,* a contract of this kind, and as other contracts the paragraph 241 of the German Civil Code is the one according to which such a contract, gift, donation or whatever it is, is to be fulfilled. The obligee is entitled to request— I'm translating now Paragraph 241 of the German Civil Code—'The obligee is entitled to request from the obligor action based on the obligation.' "

Appellees also presented evidence that the "deed of gift" was validly executed by the decedent while he "was able to conduct his business and declare his will."[*] Thus, the essence of appellees' claim was that the auditing judge should apply West German law under which they had an enforceable claim.

Appellant argues that appellees were prosecuting a claim arising under foreign law, had the burden of proving what that foreign law was pursuant to the Act of May 4, 1939, P. L. 42, §5, 28 P.S. §295, and failed to meet that burden. This contention is based on the following allegations: (a) the German law expert never examined the document, but merely testified generally

---

[*] This was proven by the answers to interrogatories taken in West Germany, at the request of the Philadelphia Court, of the notary-attorney who prepared the instrument and the decedent's attending physician.

from the German Civil Code relating to gifts; (b) there was no testimony regarding German conflicts of laws rules which may refer the question back to Pennsylvania law (renvoi), under which this gift would be ineffective; and (c) there was no testimony relative to the question of an oral proxy, from Lothar Danz to his wife, to accept the deed of gift, and there was no testimony relating to the written power to retroactively authorize a proxy to accept a gift, from Lothar Danz to his wife, where the death of the decedent intervened before the written acceptance.

The Court *en banc* in affirming the auditing judge, properly disposed of all of these arguments. First, it agreed that German law was to be applied because that is the place where the contract was made and was to be performed. *See, e.g., State Bank of Chicago v. King,* 244 Pa. 29, 90 A. 453 (1914). The court then found this to be a valid contract under German law and that our courts should grant recognition to that law unless it was contrary to the public policy of Pennsylvania or it manifestly tended to injure the public in some way. *See McCurdy's Estate,* 303 Pa. 453, 458, 154 A. 707 (1931). The court then found that there could be no injury to the public resulting from a contract whereunder a man gives his property to a close relative.

The Court *en banc* disposed of the argument that the German law expert did not evaluate the document here for compliance with the Civil Code by holding, quite properly, that the court of the forum (the Pennsylvania court in this case), must construe, as it did here, the foreign statute to determine the validity of the contract. See *R.C.A. v. Rotman,* 411 Pa. 630, 192 A. 2d 655 (1963); *Sexton v. Security Ins. Co. of New Haven,* 13 Pa. D. & C. 2d 444 (1957).

Appellant's final argument goes to the construction placed upon the "deed of gift" by the court below

relating to the amount of the gift. The instrument provided as follows: "I have requested Mr. Karl Schroff of 812 Borbeck Ave., Philadelphia 11, Pa., to withdraw the money from my accounts, deposited in Banking Institutes in Philadelphia, on my behalf and forward the same in my name to Lothar Danz and Frieda. . . . Mr. Karl Schroff has forwarded a part of the savings in the amount of $6,000.00 (Dollar) by check per airmail to Mr. and Mrs. Lothar Danz. Mr. Lothar Danz and Mrs. Frieda, nee Weigand . . . and I have agreed, that this money forwarded to me as well as another remittance in the amount of approx. 1,000.00 Dollar, which Mr. Karl Schroff will forward, shall belong to both of them."

Frieda Danz accepted this gift on behalf of herself and her husband, Lothar. Lothar Danz, two or three days later, executed a power of attorney authorizing his wife, retroactively, to accept this gift. Thus, she accepted as his agent and he ratified her actions.

The Court en banc held that while the contract did not state any specific amounts to be withdrawn from the Philadelphia bank accounts and sent to appellees, "it is clear that decedent-donor's direction to his attorney-in-fact 'to withdraw the money from my accounts' would under the facts and circumstances here present represent a gift of the total amounts involved. Taylor's Estate, 154 Pa. 183 (1893) and Campbell's Estate, 274 Pa. 546 (1922)." This finding is amply supported by the facts of this case, especially in light of the fact that the checks for the amounts claimed by appellees were already in the mail at the time of decedent's death.

We conclude that the record in this case supports the findings of the trial court; that there was no abuse of discretion below; and that, under the circumstances, the decree appealed from should be affirmed.

Decree affirmed. Each party to bear own costs.

Mr. Justice ROBERTS took no part in the consideration or decision of this case.