Larry W. BAKER

v.

SUN COMPANY, INC. (R & M)

No. CIV. Y–97–2417.

United States District Court,
D. Maryland.

Dec. 9, 1997.

Harry C. Storm, Bethesda, MD, for Plaintiff.

Kathleen A. Ellis, Baltimore, MD; James M. Brogan, Philadelphia, PA; Natalie F. Zaidman, Baltimore, MD, for Defendant.

*MEMORANDUM OPINION*

JOSEPH H. YOUNG, Senior District Judge.

### I.

Plaintiff Larry W. Baker, a Maryland resident, brings this action seeking relief for the actions of Defendant Sun Company ("Sun"), a Pennsylvania corporation, in closing Plaintiff's Sunoco gas station franchise for construction and improvements, alleging that Sun unreasonably closed Plaintiff's gas station knowing that two low-cost competitors would open in the immediate vicinity of Plaintiff's station during the closure, resulting in serious financial losses to Plaintiff.

Count I of the complaint alleges a violation of the Federal Petroleum Marketing Practices Act, 15 U.S.C. § 2801 *et seq.*, and Count II purports to state a claim for breach of the parties' franchise contract. Specifically, Count II alleges that Sun breached its implied duty of good faith and fair dealing. Sun has filed a motion to dismiss Count II for failure to state a claim under FED. R. CIV. P. 12(b)(6), alleging that Maryland does not recognize a cause of action for breach of the implied duty of good faith.

### II.

■ Maryland recognizes that every contract imposes a duty of good faith and fair dealing in its performance. *Food Fair Stores, Inc. v. Blumberg*, 234 Md. 521, 534, 200 A.2d 166. However, Maryland courts have not explicitly recognized a separate cause of action for breach of this duty. In *Parker v. The Columbia Bank*, 91 Md.App. 346, 604 A.2d 521 (1992), the Maryland Court of Special Appeals stated that the implied duty of good faith "simply prohibits one party to a contract from acting in such a manner as to prevent the other party from performing his obligations under the contract", *id.* at 366, 604 A.2d 521, and refused to hold that this duty required a lender to take affirmative action not required by the loan documents. *Id.* This holding strongly suggests that a separate cause of action for breach of this duty will not lie in Maryland.

*Howard Oaks, Inc. v. Maryland Nat'l Bank*, 810 F.Supp. 674 (D.Md.1993), explicitly rejected the holding of *Quality Automotive Co. v. Signet Bank/Maryland*, 775 F.Supp. 849 (D.Md.1991), and held that Maryland did not recognize a separate cause of action for breach of the implied duty of good faith and fair dealing. *Id.* at 677. *see also Dupont Heights Ltd. v. Riggs Nat'l Bank*, 949 F.Supp. 383, 389 (D.Md.1996) (noting the "very narrow scope" of the implied duty of good faith in Maryland); *Riggs Nat'l Bank v. Linch*, 36 F.3d 370, 373 (4th Cir.1994) (stating that the implied duty of good faith cannot override or modify explicit contractual terms).

■ As stated above, Maryland courts have not explicitly recognized this cause of action. In the absence of a clearly controlling state decision, this Court must decide what the state's highest court would hold if confronted with the issue. *Sherby v. Weather Bros. Transfer Co.*, 421 F.2d 1243, 1244 (4th Cir.1970); *United States ex rel. Joslin v. Community Home Health of Md., Inc.*, 984 F.Supp. 374, 381 (D.Md.1997) (citing *Kirby v. Chrysler Corp.*, 554 F.Supp. 743, 749 (D.Md. 1982)). After considering the reasoning of *Howard Oaks*, the Court holds that Maryland does not recognize an independent cause of action for breach of the implied contractual duty of good faith and fair dealing for the reasons expressed therein. This holding is consistent with the *Parker* court's pronouncement that the implied duty of good faith does not require a contracting party to take action not specifically required by the contract. Further, as the Maryland Court of Appeals has indicated, parties desiring additional protection from "bad faith" action not explicitly addressed in the contract are free to place an express covenant of good faith in the contract. *Blumberg*, 234 Md. at 535–36, 200 A.2d 166.

### III.

■ This Court must follow Maryland's choice of law principles because the Court's jurisdiction over Count II is only proper as an exercise of either diversity or supplemental jurisdiction. *Klaxon Co. v. Stentor Elec.*

*Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941); *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Unlike Maryland, Pennsylvania does recognize an independent cause of action for breach of the implied duty of good faith and fair dealing in franchise agreements. *Creeger Brick & Bldg. Supply, Inc. v. Mid–State Bank & Trust Co.,* 385 Pa.Super. 30, 560 A.2d 151, 153–54 (1988) (citing *Atlantic Richfield Co. v. Razumic,* 480 Pa. 366, 390 A.2d 736 (1978)). Thus, the Court must determine whether Maryland or Pennsylvania law applies to decide the pending motion.

■ Maryland follows the rule of *lex loci contractus,* which looks to the law of the place where the contract was made to determine its meaning and operation. *American Motorists Ins. Co. v. ARTRA Group, Inc.,* 338 Md. 560, 570, 659 A.2d 1295 (1995). Under the *lex loci* principle, a contract is considered to be "made" where the last act necessary for the formation of a binding contract is performed. *Grain Dealers Mut. Ins. Co. v. Van Buskirk,* 241 Md. 58, 66, 215 A.2d 467 (1965); *Mallinckrodt, Inc. v. Whittaker M.A. Bioproducts, Inc.,* 81 Md.App. 96, 103, 566 A.2d 1113 (1989). Sun has included portions of the franchise agreement at issue as an exhibit to its motion (Def.'s Mot. Ex. 1). This copy, however, does not contain the complete agreement and the portions attached do not include a forum selection clause. The Court must, therefore, apply Maryland's *lex loci* principle.

Neither Sun's motion nor the pleadings disclose where the last act necessary to create the contract occurred. *See Mallinckrodt,* 81 Md.App. at 103, 566 A.2d 1113 (finding written memorandum of distribution agreement last act necessary to complete contract). Nevertheless, the Court finds Maryland law applies. In *American Motorists Ins. Co., supra,* the Maryland Court of Appeals adopted a limited form of the *renvoi* doctrine, holding that when Maryland has the most significant or a substantial relationship to the contractual issue presented, a Maryland court may ignore the *lex loci contractus* doctrine and apply Maryland law if the foreign jurisdiction whose law of contract interpretation applies under Maryland's *lex loci* principle would, under the foreign jurisdiction's conflict of laws principles, apply Maryland's substantive law of contract interpretation. 338 Md. at 574 & 579, 659 A.2d 1295. To state the rule simply in the context of this case, the Court, applying Maryland conflict of laws principles, may apply Maryland contract law even if Maryland would ordinarily apply Pennsylvania contract law to this case, provided: (1) Maryland has the most significant or a substantial relationship to the contractual issue presented, and; (2) Pennsylvania's conflict of laws principles would mandate the application of Maryland's substantive contract law were a Pennsylvania court hearing the case. *Id.* at 574 & 579, 659 A.2d 1295.

Maryland possesses the most significant relationship to the franchise agreement because the contract was performed, and the events leading to the alleged breach occurred, primarily in Maryland .[1] The Supreme Court of Pennsylvania has signaled its intent to follow the "modern" rule of *renvoi,* and would apply the law of Maryland as the jurisdiction possessing the most significant contacts with, and interest in, the disputed contract. *See Griffith v. United Air Lines, Inc.,* 416 Pa. 1, 203 A.2d 796, 805–06 (1964) (abandoning the *lex loci delicto* rule of tort law). Moreover, Pennsylvania considers the place of contract *performance* (Maryland) in determining which jurisdiction's law would apply. *In re Estate of Danz,* 444 Pa. 411, 283 A.2d 282, 284 (1971); *Musser v. Stauffer,* 192 Pa. 398, 43 A. 1018, 1018 (1899) ("it is well settled that matters connected with the performance of a contract are governed by the law prevailing at the place of performance"). Accordingly, the rule of *American Motorists Ins. Co.* governs this case, and the Court will apply Maryland law.

---

1. Because the case is before the Court on a motion to dismiss under FED R. CIV. P. 12(b)(6), the Court must take all the allegations of the Plaintiffs as true and construe the complaint in the light most favorable to the Plaintiff. *Finlator v. Powers,* 902 F.2d 1158 (4th Cir.1990). Accordingly, the Court assumes the facts of Plaintiff's complaint to be true in resolving the conflicts issue.

## IV.

Having concluded that Maryland law applies to the interpretation of the contract at issue, the Court will grant Sun's motion and will dismiss Count II of the complaint because Plaintiff can plead no set of facts demonstrating an entitlement to relief under Count II.

## ORDER

In accordance with the attached Memorandum, it is this 9th day of December 1997, by the United States District Court for the District of Maryland, ORDERED:

1. That Defendant's Motion to Dismiss Count II of the Complaint BE, and the same IS, hereby GRANTED; and

2. That Count II of the Complaint filed in this case BE, and the same IS, hereby DISMISSED pursuant to FED. R. CIV. P. 12(b)(6); and

3. That a copy of this Memorandum and Order be mailed to counsel for the parties.