## Plum, Appellant, v. Tampax, Inc.

Argued January 6, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

reargument refused March 28, 1961.

*Michael H. Egnal,* with him *Yale B. Bernstein,* for appellant.

*Henry W. Sawyer, III,* with him *John Markle, Jr.,* and *Drinker, Biddle & Reath,* for appellee.

OPINION BY MR. JUSTICE COHEN, January 30, 1961:

This is an appeal from an order of the Court of Common Pleas No. 1 of Philadelphia County which dismissed a complaint in equity by invoking the doctrine of forum non conveniens.

Plaintiff instituted this action by a writ of foreign attachment served upon garnishees possessing property of defendant, a Delaware corporation. Thereupon, defendant filed preliminary objections contending that all of the relief sought related to internal affairs of the defendant corporation. The court below sustained the preliminary objections. On appeal this court reversed the court below but questioned whether the doctrine of forum non conveniens was applicable. We remanded the matter for proceedings in accordance with

our opinion. *Plum v. Tampax, Inc.*, 399 Pa. 553, 160 A. 2d 549 (1960). Defendant then entered a general appearance and filed a petition and rule upon plaintiff to show cause why the complaint should not be dismissed in accordance with the doctrine of forum non conveniens. Plaintiff filed an answer to this petition and after argument the rule was made absolute and the complaint dismissed. This appeal followed.

While the plaintiff ordinarily controls choice of the forum, a court does not exercise its jurisdiction if the selected forum is a manifestly inappropriate one and if an alternative appropriate forum is available to the plaintiff. Restatement (2d), Conflict of Laws, §117e (Tentative Draft No. 4, April 5, 1957). Whether a suit should be dismissed under the doctrine of forum non conveniens depends largely upon the particular facts and upon the discretion of the trial court. Such exercise of discretion will be overruled on appeal only when abused: *Plum v. Tampax, Inc.*, supra.

The court below, in the proper exercise of its discretion, relied, inter alia, on the following facts as the basis for its decision to refuse jurisdiction.

Plaintiff is a Danish subject and a nonresident of this Country and the defendant is a nonresident foreign corporation, not registered to do business in Pennsylvania and not maintaining any office listings or employees or agents in Pennsylvania. The contract underlying this suit was entered into in Copenhagen, Denmark, and is to be performed entirely within the State of New York. No element of the performance of the contract has taken place, nor is to take place, in the Commonwealth of Pennsylvania. The contract provides that any disagreement between the parties as to its provisions shall be settled in accordance with the laws of Denmark. It also provides that certain Danish courts, enumerated therein, shall be fully competent to pass a judgment on any action relating to

the agreement. All of defendant's witnesses would be required to come from jurisdictions other than Pennsylvania. Its books and records sought to be examined by plaintiff are physically outside Pennsylvania.

The following alternative forums are available to the plaintiff: (a) The courts of New York State which are available to foreign nonresident plaintiffs in actions against corporations doing business in New York State with their principal offices therein, or (b) The courts of Denmark which are available to a Danish subject in an action against the foreign parent corporation of a Danish corporation which has agreed to submit to the jurisdiction of certain Danish courts. The statute of limitations in New York State on actions on contract has not run against the plaintiff. In addition, and of great weight, plaintiff seeks to invoke the equity power of the courts of Pennsylvania in order to require certain acts to be done by the defendant outside of Pennsylvania. In light of all of these facts we cannot say that the trial court abused its discretion.

Plaintiff has also contended that the doctrine of forum non conveniens should not be applied in actions instituted by writ of foreign attachment since to do so would destroy the efficacy of that remedy. This contention is unfounded. A writ of foreign attachment is nothing more than "the equivalent of a summons for the commencement of a personal action." *Raymond v. Leishman,* 243 Pa. 64, 89 Atl. 791 (1914). Upon obtaining jurisdiction over the person of appellee, as occurred in this case, the question of whether the doctrine of forum non conveniens should be applied is the same as in any other case instituted by summons or by complaint.

Order affirmed.