Moore *v.* Ohio River Company, Appellant.
Belville *v.* Ohio River Company, Appellant.

Argued October 5, 1961.   Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN and ALPERN, JJ.

*Ernest R. Dell,* with him *James R. Orr,* and *Reed,
Smith, Shaw & McClay,* for appellant.

*Harry Alan Sherman,* for appellees.

OPINION BY JUSTICE ALPERN, December 29, 1961:
These appeals are from orders dismissing prelimi-
nary objections raising questions of jurisdiction in two
trespass cases.

Both plaintiffs, residents and citizens of the State
of Illinois, were seamen in the employ of defendant,
a West Virginia corporation operating towboats in
interstate commerce upon navigable waters.   Each
brought an action at law under Section 33 of the
Merchant Marine Act, approved June 5, 1920 (46

U.S.C.A., §688). Moore was injured in Illinois while working on the M/V W. W. Marting on February 11, 1960. Belville was injured in Illinois while working on the M/V A. H. Crane on September 7, 1958. Each claims he was tossed overboard by the abrupt collision between improperly moored barges and those in tow and that his body was crushed by the barge. They each allege, among other things, that defendant was negligent in failing to provide a safe place to work, in failing to warn of the danger, in negligently tying up the barges, and in failing to provide proper mooring equipment.

It is conceded that defendant-appellant, a non-registered foreign business corporation was present and doing business in Pennsylvania and that it was properly served. Defendant does not deny that its principal place of business is in Pittsburgh. Its attack on jurisdiction is that at the time the Rules of Civil Procedure relating to venue (Pa. R.C.P. 2179) and service (Pa. R.C.P. 2180) were adopted in 1943, the Supreme Court of the United States had ruled there was a constitutional prohibition against states exercising personal jurisdiction over unregistered foreign corporations on transitory causes of action arising in other states. Defendant admits that the prohibition no longer exists. *Perkins v. Benquet Consol. Mining Co.*, 342 U.S. 437 (1952). However, it contends that since the Pennsylvania Rules originally could not have been construed to cover this case constitutionally, and since the rules remained unchanged in wording, they still must be construed to deny to Pennsylvania courts jurisdiction over such cases.

Fatal to this position is the fact there never has been such a prohibition. The Supreme Court of the United States has never ruled that a state cannot exercise jurisdiction on a transitory cause of action arising elsewhere where the defendant is *physically*

*present and personally served* in the forum state. The cases cited by defendant fall into two categories, (1) where the defendant was found to be not present, or (2) where the defendant was or had been present and service was made on an authorized agent, such authorization for acceptance of service was found not to extend to causes of action arising outside of the state. In the case at bar it is undisputed that defendant was present, since its principal office is here, and that *personal* service was effected on it. As the Supreme Court said concerning the cases relied on by defendant here: "The necessary result was a finding of inadequate service in each case and a conclusion that the foreign corporation was not bound by it." *Perkins,* supra, at 444.

That the Court had never been faced with the situation of a non-registered corporation admittedly present and personally served on a cause of action arising elsewhere is seen in its language at 444: "Today if an authorized representative of a foreign corporation be physically present in the state of the forum and be there engaged in activities appropriate to accepting service or receiving notice on its behalf, we recognize that there is no unfairness in subjecting that corporation to the jurisdiction of the courts of that state through such service of process upon that representative. This has been squarely held to be so in a proceeding *in personam* against such a corporation, at least in relation to a cause of action arising out of the corporation's activities within the state of the forum. "The essence of the issue here, at the constitutional level, is a like one of general fairness to the corporation." And at 446: "The instant case takes us one step further to a proceeding *in personam* to enforce a cause of action not arising out of the corporation's activities in the state of the forum. Using the tests mentioned above we find no requirement of federal

due process that either *prohibits* Ohio from opening its courts to the cause of action here presented or *compels* Ohio to do so. This conforms to the realistic reasoning in International Shoe Co. v. Washington, supra, (326 U.S. 310) at 318-319:

" '. . . there have been instances in which the continuous corporate operations within a state were thought so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities. See Missouri, K. & T. R. Co. v. Reynolds, 255 U.S. 565; Tauza v. Susquehanna Coal Co., 220 N.Y. 259, 115 N.E. 915; cf. St Louis S.W.R. Co. v. Alexander, supra (227 U.S. 218).' " In a footnote to this quotation the Court points out this question was left open in *Philadelphia & Reading R. Co. v. McKibbin*, 243 U.S. 264.

Thus the Pennsylvania Rules of Civil Procedure 2179 and 2180 at the time of their effective date would not have had to have been construed to exclude suit against a non-registered foreign corporation with its principal office here, on a cause of action arising outside of the state. There is, therefore, jurisdiction in the court below, and hence no appeal can lie from these orders under the Act of March 5, 1925, P.L. 23, 12 P.S. §672. *Plum v. Tampax, Inc.,* 399 Pa. 553, 160 A. 2d 549 (1960).

Defendants also challenge the refusal of the court below to find that the doctrine of forum non conveniens dictates the dismissal of the complaint—a question of exercise of jurisdiction rather than the existence of it. Such an order, if granted, would be appealable under *Plum,* supra.

Defendant filed at No. 2364 Misc. Docket a petition for a writ of mandamus or prohibition to direct the court below to dismiss these cases under forum non conveniens. This petition was dismissed, and properly so since the matter is, at least initially, one of

the trial court's discretion, *Plum,* supra, and thus there remains presently no case or controversy before this court. It is true that the order denying the petition directed that the applicability of forum non conveniens be argued at the time of the argument on jurisdiction, but by its own terms this was done in the interest of speeding a trial on the merits.

The considerations in the applicability of that doctrine are so thoroughly discussed in the *Plum* opinion that there is no need to repeat them.

In that case the sole connection with Pennsylvania was the presence of a debtor of defendant here. The contract there involved stipulated that disagreements over its provisions were to be settled by reference to Danish Law and in Danish Courts. The contract was in the most part to be performed in Scandinavian countries. Bringing witnesses and records here would have been patently inconvenient. Yet that case was remanded for the lower court to exercise its discretion, indicating that this Court deemed that matter a discretionary one. The lower court dismissed the complaint on the basis of forum non conveniens and on appeal this Court ruled that there was no abuse of that discretion: 402 Pa. 616, 168 A. 2d 315 (1961).

Where, as here, the defendant is present in the state, and has entered a general appearance, and the laws applicable would not appear to be unusually difficult, the applicability of the doctrine is even more clearly within the discretion of the trial court.

Even were it deemed here to be not a discretionary matter, there is no order the Court could make at the present time since no appealable order has been made below with respect to forum non conveniens.

The orders of the court below in dismissing the preliminary objections raising questions of jurisdiction are affirmed.