## Radio Corporation of America v. Rotman, Appellant.

Argued April 19, 1963. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

reargument refused August 6, 1963.

*Levy Anderson,* First Deputy City Solicitor, with him *Matthew W. Bullock, Jr.,* Assistant City Solicitor, *James L. Stern,* Deputy City Solicitor, and *Edward G. Bauer, Jr.,* City Solicitor, for City of Philadelphia, appellant.

*M. H. Goldstein,* with him *Goldstein and Barkan,* for intervening appellants.

*Jerome J. Shestack,* with him *Bernard G. Segal,* and *Schnader, Harrison, Segal & Lewis,* for appellee.

OPINION BY MR. JUSTICE COHEN, July 2, 1963:

This is an appeal from the decree of the court below enjoining the City of Philadelphia from proceeding against appellee under the withholding provisions of the Philadelphia Income Tax Ordinance. A recitation of the position of the various parties to this litigation makes clear the proper disposition of this appeal.

Appellee, Radio Corporation of America (RCA), conducts business in Philadelphia and also has various plants in New Jersey where it employs approximately 2700 residents of Philadelphia, all of whom are subject to the Philadelphia income tax. Because of the inconvenience and difficulty of collecting the tax from each individual employee, the City of Philadelphia has demanded that RCA withhold the tax. Intervening appellants, the unions which represent the employees in question, have joined in this demand, being partly motivated by the City's promise to waive certain accumulated interest and penalties if RCA henceforth agrees to withhold the tax.

For its part, RCA is willing to withhold the tax except for its fear of prosecution under the New Jersey

"Wage Payment Law" which provides, inter alia, that each employer doing business in New Jersey shall pay at least every two weeks "the full amount of wages earned and unpaid." N.J.S.A. 34:11-4. RCA does not now question either its coverage under the withholding provisions of the Philadelphia Income Tax Ordinance or the constitutional power of the City to require it to withhold in New Jersey. It refuses to withhold, however, until it receives either (1) an assurance from the Attorney General of New Jersey that he will not prosecute RCA for violating the Wage Payment Law; or (2) a judicial determination that the Wage Payment Law does not prohibit the withholding of the Philadelphia income tax.

With regard to possible prosecution by the attorney general's office, the Attorney General of New Jersey in 1958, at the request of RCA, issued a formal opinion stating that he considered the Wage Payment Law to prohibit RCA from withholding the Philadelphia income tax. Since that time, a letter has issued from the attorney general's office casting doubt on the present status of the 1958 Opinion. We must conclude, however, that the record in this case is devoid of any assurance from the attorney general that he will not prosecute RCA under the Wage Payment Law.

As for judicial interpretation of the Wage Payment Law, all parties agree that there are no New Jersey decisions on the question involved in this controversy. The purpose of this litigation is to obtain a judicial pronouncement from the Pennsylvania Supreme Court as to the proper interpretation of the New Jersey statute. Although we have the power, and are often required, to give *our* interpretation of the statute of another state, the *conclusive* interpretation of that statute—the one which these parties desire—must emanate from the courts of that state. Moreover, we are not aware of any obstruction to obtaining such a judicial

declaration from the New Jersey courts. If they should hold that the Wage Payment Law does not prevent withholding by RCA, this controversy will be terminated.[1] If they should hold that the Wage Payment Law prohibits withholding, and the City of Philadelphia should persist in its efforts to compel RCA to withhold, we will then be confronted with the difficult legal questions inherent in this litigation. Until that point is reached, however, wise judicial procedure dictates that our jurisdiction be stayed. Not only may a court under appropriate circumstances dismiss an action because of the presence of a more convenient forum, *Plum v. Tampax, Inc.*, 402 Pa. 616, 168 A. 2d 315 (1961), it may also stay its jurisdiction pending the outcome of proceedings in another court. See, e.g., *Mottolese v. Kaufman*, 176 F. 2d 301 (2d Cir. 1949).

Accordingly, the decree entered below is vacated and the case remanded to the court below for the purpose of retaining jurisdiction in the event that resort to the New Jersey courts does not resolve this controversy.[2]

Decree vacated at appellants' cost.

---

[1] The controversy will likewise be terminated by an assurance from the Attorney General of New Jersey that he will not prosecute RCA.

[2] Our disposition of this appeal, of course, in no way reflects our view of the correctness of the lower court's determination that the City of Philadelphia has no power to compel RCA to withhold the Philadelphia income tax at its plants in New Jersey.