## Nettis v. DiLido Hotel

*Michael M. Goss*, for plaintiff.

*David A. Saltzburg*, for defendant.

WEINROTT, J., April 18, 1969.—Defendant, a foreign corporation operating a Florida hotel, filed preliminary objections attacking the service of a complaint in trespass upon it in Philadelphia. The objections are twofold: (1) Defendant is not doing business in Pennsylvania; and (2) Philadelphia is an inconvenient forum for a trial.

On August 8, 1968, plaintiffs filed their complaint alleging that wife plaintiff had been injured the preceding August while a guest at defendant's Miami Beach hotel. The sheriff reported service made August 28, 1968, on "Bob Siegel, c/o Bob Siegel Travel Agent," at 211 S. Broad Street, 11th Floor, Philadel-

phia. (The spelling properly is Siegal.) Defendant filed a general appearance by counsel and the preliminary objections recited above. Plaintiffs answered the objections, asserting the propriety of the service and the venue, and declaring that the general appearance waived objections to jurisdiction. The evidence before the court is the deposition of Robert Siegal, trading as Bob Siegal Travel Service.

We dispose first of the general appearance. Pennsylvania Rule of Civil Procedure 1012, as amended, specifically provides that an "appearance shall not constitute a waiver of the right to raise any defense including questions of jurisdiction or venue".

The deponent Siegal testified for defendant on the question of service. He is a travel agent occupying, with a few employes, two rooms on the eleventh floor of an office building at 211 South Broad Street in Philadelphia. The door bears the legend "Bob Siegal Travel Service". The agency accepts requests for reservations in hotels all over the world, subject to their confirmation, arranges for transportation, and conducts a general travel service. Its compensation is a standard percentage commission on the cost of accommodations and transportation supplied.

In the summer of 1968 a representative of Di Lido called Siegal by long distance telephone and agreed orally that Di Lido would advertise the Siegal agency in Philadelphia newspapers as its Philadelphia office, and that Siegal would send out Di Lido's rate schedules and brochures in the Delaware Valley. The consideration to Siegal was to be the free advertising his agency would receive. He acted thus for Di Lido alone.

Starting in August, 1968, the hotel ran an advertisement in the Philadelphia Jewish Exponent, stating in substance: "The di Lido. See your travel agent or call Phila. Off. KI 6-6233". The number was that of Siegal's telephone. A call would be answered: "Reser-

vations, Bob Siegal Travel Service". If the caller asked, "Is this the office of the Di Lido Hotel", the answer would be, "Yes".

However, the agency could not itself confirm reservations; it would take a deposit and transmit the request to Di Lido. Siegal had no Di Lido stationery, was not registered as Di Lido's agent, was not specifically authorized to accept service of legal papers for Di Lido, did not retain Di Lido's attorney as his own. He made no reservations for Di Lido in 1966 or 1967, and only two in 1968. He did not recall any dealings with plaintiffs.

It is not disputed that Di Lido is a foreign corporation not registered in Pennsylvania.

Pennsylvania Rule of Civil Procedure 2179 limits service upon a corporation, inter alia, to "a county where it regularly conducts business'. Rule 2180(a)(2) provides for service by handing a copy of the process "to an agent or person for the time being in charge of, and only at, any office or usual place of business of the corporation. . . . "

The most recent provision for determining jurisdiction over a foreign corporation is the amendment of July 20, 1968, P. L. ———, no. 216, sec. 54, to the Act of May 5, 1933, P. L. 364, art. X, sec. 1011(c), 15 PS §2011(c). The recent change took effect in 30 days. This suit was filed August 8; service was made August 28; the 1968 amendment was in effect on the latter date, but not when suit was filed. An amendment relating to service of process taking effect between suit and service applies to the action: Myers v. Mooney Aircraft, Inc., 429 Pa. 177, 240 A. 2d 505 (1967).

The 1968 amendment defines "doing business," for the determination of court jurisdiction, as

". . . the doing by any corporation in this Commonwealth of a series of similar acts for the purpose of

thereby realizing pecuniary benefit or otherwise accomplishing an object, or doing a single act in this Commonwealth for such purpose, with the intention of thereby initiating a series of such acts. . ." .

The section expressly makes the shipping of goods into or through the State such an act. On the other hand, it excludes the acquiring of real estate or mortgages and personal property, the collecting of debts and a few similar acts.

The new amendment made a significant change in the earlier amendment of January 18, 1966, P. L. (1965) 1305, sec. 46, by eliminating from the definition the phrase "the entry of any corporation into this Commonwealth" (for the doing of a series of similar acts). Now it is not the entry, but the actual doing of the act, that constitutes "doing business". Hence we need not determine whether Di Lido entered the State, but merely whether it did the act or acts of the type defined.

The latest amendment is quite broad, and renders inapplicable the earlier decisions. We find none under the new law. In our judgment, however, the taking of applications for hotel accommodations in Philadelphia is closer to shipping goods into the State than it is to the acquiring of property or the collection of debts. Whether or not this is so, the defendant definitely performed an act here for the realization of pecuniary benefit, and with the undoubted intention of starting a series of such acts. It agreed that Siegal was to serve as its Philadelphia office, it held Siegal out by advertising as its local office, and it clearly intended to continue on that course.

Hence we ruled that service of process upon Siegal as its agent in this case was valid.

On the question of convenience of forum, though defendant informs us it will not raise the point in this appeal, we will say merely that the decision rests in

the sound discretion of the court: Plum v. Tampax, Inc., 402 Pa. 616, 168 A. 2d 315, 90 ALR 2d 1105 (1961), cert. den. 368 U.S. 826, 7 L. Ed. 2d 30, 82 S. Ct. 46 (1961), and that in our judgment it would be a greater hardship on plaintiffs to sue in Florida than upon defendant to stand suit here.

In accordance with the views expressed we entered our order dismissing defendant's preliminary objectons with leave to answer plaintiffs' complaint within 20 days.

Judgment in the above case was reversed by the Superior Court, 215 Pa. Superior Ct. ——, 1969.