## Morrow v. Ford Motor Company

*Gerald Bruderhe,* for plaintiffs.

*John E. Flaherty, Jr.* and *Jeffrey G. Weil,* for defendant.

S. SMITH, *J.,* March 25, 1977 — This matter comes before the court on defendant Ford Motor Company's (Ford) preliminary objections to plaintiff's complaint. Defendant alleges several grounds for the striking or dismissing of various counts of the complaint, and also asks that the action be dismissed under the doctrine of forum non conveniens. Because the court agrees with Ford that Pennsylvania is an inappropriate forum for this action, it is not necessary to reach the other issues raised.

Plaintiff's action arises from the purchase of a 1976 Ford Thunderbird from Town and Country Ford, Inc. (Town and Country) which is a Ford dealer located in Clayton, Missouri. Plaintiff claims that Town and Country misrepresented the quality and condition of the automobile and seeks recovery against Ford for fraud, conspiracy, intentional infliction of emotional distress and breach of

warranty. Plaintiff also seeks punitive damages from Ford.

Ford is the only defendant in this action. It is undisputed that Town and Country is a Missouri corporation and not subject to Pennsylvania process, and this explains its absence as a party-defendant.

Ford has asked that the action be dismissed and plaintiff be required to litigate this matter in Missouri. Pennsylvania has followed the Restatement 2d Conflict of Laws in holding that in considering a petition to dismiss under forum non conveniens, the court should not disturb plaintiff's choice of forum except for "weighty" reasons, and cannot dismiss the action unless an alternative is available to plaintiff.

In Plum v. Tampax, Inc., 399 Pa. 553, 160 A.2d 549 (1960), the court listed those factors which a lower court must consider in determining its action on such petitions, quoting at length from Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947).

" ' "An interest to be considered, and one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availabilty of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses . . . and all other practical problems that make trial of a case easy, expeditious and inexpensive.

" ' "Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has

no relation to the litigation. There is an appropriateness, too, in having the trial . . . in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself." ' " Plum, supra, at 561-62.

In the instant case, the most compelling factor in the eyes of the court is the absence of the "true" defendant, Town and Country, which is not subject to suit in Pennsylvania. There is no question that plaintiff 's primary complaint lies against the Ford dealer in Missouri and not defendant. There is, in fact, a substantial question as to whether Town and Country *is* an agent of Ford which could bind Ford by its actions and promises. In Missouri, Town and Country could be made a party-defendant as could the present defendant, Ford Motor Company. If the action is maintained in Pennsylvania, there is no way to compel the attendance of crucial witnesses who reside in Missouri, and even willing witnesses could come in to testify only at great expense.

In addition, this case, if tried, would be governed, under conflict of laws principles, by *Missouri* law, since the court must look to the law of the place which has the most significant contacts with and interest in the parties and the transaction: American East India Corp. v. Ideal Shoe Co., 400 F. Supp. 141 (E. D. Pa. 1975); Azriel v. Frigitemp Corp., 397 F. Supp. 871 (E. D. Pa. 1975). In the instant case, the sale of the automobile was made by a Missouri car dealer to then Missouri residents. All representations, accurate or otherwise, which form the basis of plaintiff 's charge of fraud were made in Missouri. It is clear, therefore, that Missouri is the forum most

interested in this matter and it would be preferable for a Missouri court to hear the case due to its expertise in the application of its own laws.

Finally, it is clear that to try the action in Pennsylvania would burden the court and people of this Commonwealth with the resolution of what is essentially a Missouri dispute. Plaintiff notes that he is in Pennsylvania as is the automobile in question, and avers that "there are numerous agents of the defendant who have dealt with the plaintiffs regarding this automobile and who have actively worked upon this automobile who would be available to testify in this jurisdiction." This argument overlooks the fact that in an action for fraud and breach of warranty, the crucial issues are the representations made by the seller, in this case Town and Country. Requiring Ford to litigate in a jurisdiction where Town and Country is not subject to subpoena, when a jurisdiction exists where both Ford and Town and Country are amenable to suit, would be a great injustice.

"Whether a suit should be dismissed under the doctrine of Forum Non Conveniens will depend largely upon the particular facts and upon the discretion of the trial court. Such exercise of discretion will be overruled on appeal only when abused." Plum v. Tampax, Inc., supra, at 560; Moore v. Ohio River Co., 406 Pa. 272, 177 A.2d 493 (1961).

For the above stated reasons, the court enters the following

## ORDER

And now, March 25, 1977, defendant's motion to dismiss plaintiff's action on the basis of forum non conveniens is granted and the action is hereby dismissed.