## Cherry v. Kawasaki Motors Corporation

*Gustine J. Pelagatti*, for plaintiffs.
*Bruce D. Lombardo*, for defendant.

TAKIFF, *J.*, April 26, 1978—Plaintiffs Cherry and Bagwell, residents of Delaware, brought this action against Kawasaki Motors Corporation to recover for injuries sustained by minor plaintiffs Lazar Cherry and Essie Bagwell in a motor vehicle accident on December 28, 1975, in Millville, Delaware, on the theory that the Kawasaki motorcycle involved in the accident was defective. On that date, Thomas Vogel (a/k/a Herman Vogel, Jr.), a minor Delaware resident, was operating a Kawasaki motorcycle with James Savage, also a resident of Delaware as passenger. As the motorcycle entered Delaware Highway 348, it was involved in a collision with the automobile in which Lazar Cherry and Essie Bagwell were passengers. The car then swerved to avoid running over the motorcycle passenger Savage and struck a tree causing the death on impact of Sarette Roy Bagwell and Lillie Mae Rue Bagwell, both passengers of the auto and both residents of Dagsboro, Delaware. Linwood Bagwell, Sr., the driver of the auto and also resident of Dagsboro, Delaware, died later from injuries sustained in the accident. Surviving occupants of the auto were Lazar Cherry, of Dagsboro, Delaware (minor plaintiff herein), Essie Bagwell,

of Dagsboro, Delaware (plaintiff herein), Anthony Bagwell, of Dagsboro, Delaware, and Sylvia Collick, of Frankford, Delaware. Following the accident, Thomas Vogel was charged with criminally negligent homicide under Delaware law.

A plethora of lawsuits were filed by the surviving occupants of the automobile and their parents and next of friends as well as by the administrators of the respective estates of the decedents under Delaware wrongful death and survival statutes against Thomas Vogel and his parents, James Savage and his parents and Kawasaki Motors Corporation. Without listing every suit individually, it is sufficient to note that actions made up of virtually every combination of plaintiffs and defendants are presently pending in the Superior Court of the State of Delaware, Sussex County, Civil Action no. 195, 1976, with the *exceptions* of Lazar Cherry, in his own right and through his parents Elmer and Rosetta Cherry v. Kawasaki Motors Corporation, and of Essie Bagwell v. Kawasaki Motors Corporation, the specific actions presently before this Court of Common Pleas.

On April 7, 1977, defendant filed in this court a motion, by way of preliminary objections, seeking dismissal of plaintiffs' complaint with leave to re-institute suit in Delaware on the ground that the doctrine of forum non conveniens applied. On June 2, 1977, Judge Tranchitella dismissed defendant's preliminary objections without opinion. On July 1, 1977, the Superior Court of Pennsylvania quashed defendant's appeal of Judge Tranchitella's order because it was interlocutory. Thereafter, on January 11, 1978, defendant filed the instant motion for stay of proceedings pending action in the

courts of Delaware. For the reasons discussed below, we grant defendant's motion.

In support of its motion, defendant argues that all parties herein, as well as all the other participants in the December 28, 1975, accident, are before the Delaware Court (although admittedly there is no specific count before that court wherein *these* plaintiffs seek to recover directly against *this* defendant); that all plaintiffs in the Delaware actions, *except* the instant plaintiffs, claim against Kawasaki Motors Corporation, the present defendant; that Delaware law will clearly govern this action in its entirety; that there are serious and substantial differences between the law of Pennsylvania and the law of Delaware determinative of this action particularly in the area of products liability (the basis for the present action); that many essential witnesses, including Thomas Vogel, the driver of the motorcycle and hence a potential additional defendant, are not amenable to subpoena or to be joined as parties in Pennsylvania; and further that the multiple onuses upon Kawasaki to defend this action in Pennsylvania where there are no appreciable contacts with the incidents giving rise to the cause of action, is unduly prejudicial.

While not seriously disputing the substance of the above arguments, plaintiffs contend that Judge Tranchitella's order of June 2, 1977, dismissing Kawasaki's preliminary objections is res judicata as to the present motion, and moreover, as plaintiffs, they have the privilege to choose any forum where defendant is subject to process for any reason they want. The only reason candidly disclosed at argument was that, statistically, jury verdicts are larger in Philadelphia, Pennsylvania, than in

New Castle, Delaware, where the other actions are pending.

The granting of a motion to stay is not the legal or practical equivalent of the granting of the preliminary objections in this matter. In the present instance, the court is called upon to exercise its equitable powers: German Trust Co. of Davenport v. Plotke, 274 Pa. 483, 488, 118 Atl. 508 (1922); to stay proceedings while still retaining jurisdiction. The preliminary objections on the other hand called for a complete dismissal of the action. That these two avenues are distinct procedures and are both available to the court is well-settled in Pennsylvania: "Not only may a court under appropriate circumstances dismiss an action because of the presence of a more convenient forum, Plum v. Tampax, Inc., 402 Pa. 616, 168 A. 2d 315 (1961), it may also stay its jurisdiction pending the outcome of proceedings in another court. See, e.g., Mottolese v. Kaufman, 176 F. 2d 301 (2d Cir. 1949)." R.C.A. v. Rotman, 411 Pa. 630, 633, 192 A. 2d 655 (1963).

While we are not privy to the reasons for Judge Tranchitella's refusal to grant defendant's preliminary objections in this matter as no opinion was filed (and, of course, we have no power to review the decision of a court of concomitant jurisdiction in any event), nevertheless, we note that where outright dismissal is involved, "plaintiff's choice of forum should rarely be disturbed." Norman v. Norfolk and Western Ry. Co., 228 Pa. Superior Ct. 319, 329-30, 323 A. 2d 850 (1974). Hence Judge Tranchitella was faced with a much stricter standard in his determination than are we now where jurisdiction is retained. Cf. R.C.A. v. Rotman, supra. Where it appears that disposition of the pending action in another state court will resolve the action sought to

be stayed, a stay should be granted. Cf. Petrasko v. Fellin, 62 D. & C. 2d 122, 60 Luz. L. Reg. 186 (1972); Forest Lawn Gardens v. Stevenson, 44 Wash. Co. 1; see also R.C.A. v. Rotman, supra. Even where there is no prior pending action in another state court, but where venue in the sister state is more appropriate, a stay may issue: R.C.A. v. Rotman, supra.

In the case at bar, all appreciable contacts are with the State of Delaware and none appear to lie in Pennsylvania: all natural parties and witnesses are Delaware residents, defendant Kawasaki is a Delaware corporation, the accident took place in Delaware and was investigated by Delaware police, and Delaware law will unquestionably apply to all issues in the case. Furthermore, the law of products liability, a troublesome area in any jurisdiction, is particularly unsettled at present in Delaware and would more appropriately be construed by a Delaware court rather than become the subject of anticipation and speculation by a Pennsylvania court as to unsettled Delaware law. Even more significantly, resolution of the other actions pending in Delaware is extremely likely to be determinative of the actions presently before this court. Although those judgments would not be res judicata, since plaintiffs herein do not claim directly against Kawasaki in the Delaware actions, collateral estoppel will have a virtually identical effect in the present matter. See Thompson v. Karastan Rug Mills, 228 Pa. Superior Ct. 260, 323 A. 2d 341 (1974).

Moreover, plaintiffs will suffer no prejudice as a result of the stay which we enter in this case. The raw passage of time has worked no hardship in this matter as discovery has not been concluded in

670

Delaware and especially because our order staying these proceedings is contingent upon their being no contest by Kawasaki to late joinder in the Delaware actions should plaintiffs choose to join them. See Restatement, 2d, Conflict of Laws, §84 and comments thereto; see also Norman v. Norfolk & Western Ry. Co., supra, 228 Pa. Superior Ct. at 328-29.

Accordingly, we enter the following

### ORDER

And now, April 26, 1978, upon consideration of defendant's motion for stay of proceedings and of the briefs and arguments of the parties thereon, it is hereby ordered and decreed that all proceedings in the above captioned matter are stayed pending final determination in the State of Delaware of the actions consolidated in Sussex County, Delaware, at Civil Action no. 195, 1976.

This stay shall be subject to being vacated upon timely application if there is any contest by defendant Kawasaki Motors Corporation to its joinder as defendant in the above cited action in Sussex County, Delaware, if such joinder is hereafter sought by the plaintiffs herein.