## Com. v. Ritter

*Victor A. Bihl,* for prosecutrix.
*Arthur K. Dills,* for defendant.

SHUGHART, *P.J.*, May 7, 1980—Defendant has appealed from a temporary support order entered by this court on April 1, 1980. We file this opinion pursuant to Pa.R.A.P. 1925 setting forth the reasons for the order requiring defendant to pay $90 per week to prosecutrix.

The testimony reveals that defendant left the marital home on December 22, 1979. The parties had been married for some 14 years, but had no children. At the time he left his wife, defendant was employed by ConRail as a conductor, with a "take home" pay of about $400 per week. The prosecutrix was a teacher in the Susquenita School District with a weekly net pay of $188.55.

During the second week of January, 1980 defendant transferred to another position with ConRail in which his take home pay remained about the same. On February 4, 1980 the prosecutrix filed an action for non-support in Cumberland County. Both parties filed financial statements and an evidentiary hearing was scheduled for February 29, 1980 at which defendant failed to appear.

On or about March 10 defendant voluntarily made another job change with ConRail which reduced his net earnings to about $275 per week. In the final week of March, defendant filed a divorce action in Perry County on the grounds of indignities. On April 1 the rescheduled support hearing was held at which the facts set forth above were developed.

In addition to the testimony at the evidentiary hearing, the record includes, as exhibits, financial statements of each of the parties. The prosecutrix indicated that she has been making payments on several installment loans and various household expenses. She also indicated that she has recently been required to make mortgage payments in the amount of $342 per month on the marital home where she continues to reside.

Defendant testified that he had been paying the mortgage on the marital home and is also paying rent in the amount of $200 per month to his parents with whom he resides. Further he claimed other household expenses such as $302.54 per month for oil and electricity, $50 per month for telephone, and $200 per month for "entertainment." In addition, defendant claims that he spends $425 per month on food and household supplies, including an average of $7.50 per day for lunch money. This testimony is in stark contrast to that of prosecutrix who claims to spend a total of $60 per month on "entertainment" and $56 per month on food and household supplies, including lunch money.

Based upon the information before us, we entered a temporary support order directing defendant to pay $90 per week to prosecutrix.

Defendant has appealed from this order on the grounds that his earning capacity is insufficient to justify the amount of the award and further that the

court erred in failing to permit defendant to raise the issue of the wife's conduct prior to the separation as a defense to the question of liability for support.

The evidence clearly supports a finding that the present earning capacity of defendant is at least $275 per week. Further, his voluntary salary reduction cannot be considered in determining the amount of an order. Defendant also contends that his earning capacity had been diminished by an on-the-job injury incurred about a week before the hearing. The only evidence on this point was defendant's own testimony which we did not regard as credible. If an injury has been incurred which reduces his earning capacity, the door is open for him to present these changed circumstances as justification for a modification of the support order.

The refusal of the court to hear testimony concerning the alleged "indignities" inflicted on defendant by prosecutrix requires explanation. "[I]t is established law that a husband is justified in refusing to support his wife by any conduct that would provide the husband with a valid ground for a divorce." White v. White, 226 Pa. Superior Ct. 499, 502, 313 A. 2d 776, 778 (1973). On the other hand, the entire judicial system of the Commonwealth is also painfully aware that the common pleas dockets of this state are grossly overburdened. Further, the various courts of common pleas are faced with the need to clear hundreds of civil actions from the dockets before August 31, 1980, under the new 240 day rule of the Supreme Court of Pennsylvania order of November 19, 1979. These reasons support a policy against hearing the testimony in a divorce action more than once.

The record reveals that at the outset the court

indicated a willingness to hear testimony on the divorce suit and the support action at the same time, until it was discovered that the divorce suit was in Perry County and the support action in Cumberland. Even then, there was a discussion of transferring the divorce action to Cumberland County so that the two cases could be heard together.

Hearing the cases in different judicial districts could open a Pandora's box of unnecessary complications. If this court found defendant failed to establish grounds for a divorce he would be subject to a support order. Assuming such an order were sustained would it be res adjudicata in the Perry County divorce action? Since defendant started his own action in divorce in another county, our refusal to let him try it here was consistent with his own selection of forum. The support order entered here deprives him of no right to pursue his divorce at his own time and his claim will not be hampered by adverse testimony in the current proceeding. See Weymers v. Weymers, 81 Pa. Superior Ct. 432 (1923), in which it was held permissible for the court to consider testimony produced in collateral proceedings in determining whether grounds for divorce existed.

Under Pa.R.C.P. 1122, defendant had a choice between bringing his divorce action in Cumberland County, where his wife resides, or in Perry County, where he resides with his parents. If defendant had filed his divorce action in Cumberland County, the divorce and support actions could and would have been consolidated for a prompt hearing after which both issues would have been resolved. The necessity and delay involved in having the same witnesses present the same testimony at two disparate

times and places would have been avoided. Even though brought in separate jusisdictions, the divorce action could still be moved to Cumberland County for consolidation and disposition.

By filing his action in another county where it cannot be consolidated with the non-support proceedings, defendant has, in effect, chosen to "divorce" his claims as well as his wife; he has waived his ability to raise her conduct as a defense to the non-support action.

Radio Corp. of America v. Rotman, 411 Pa. 630, 633, 192 A. 2d 655, 657 (1963), holds that a court may "stay its jurisdiction pending the outcome of proceedings in another court." It was well within the discretion of this court to refuse to hear testimony concerning alleged indignities committed by the prosecutrix until the divorce action in Perry County is resolved. On the other hand, the court is not required to stay its jurisdiction as to the entire non-support action, especially in light of the considerations pointed out above. We concluded that temporary support order was the fairest solution.

Defendant has the power to expedite his divorce action and bring an end to the entire matter. With all due respect it is likely that he can conclude the matter at the common pleas level much sooner than by use of the appellate process. The way is still open for defendant to transfer his divorce action to Cumberland County, in which event the court has agreed to reopen the support question because the court's jurisdiction to hear divorce testimony would no longer be stayed. Defendant may not be permitted to have his cake and eat it too.

Under the circumstances outlined above the court properly exercised its discretion. Litigants should not be prompted to employ procedural gym-

nastics to sabotage judicial process. It is difficult to see how defendant has been harmed, but if he has it is a self-inflicted wound, the blame for which he must accept.