## Fleming Steel Co. v. Boro Developers Inc.

C.P. of Lawrence County, no. 10132 of 1999.

*John W. Hodge,* for plaintiff.
*Allen L. Palmer,* for defendant.

PRATT, *P.J.,* March 2, 2001—The means by which cases are transferred based on forum non conveniens is provided by Pa.R.C.P. 1006(d)(2), "upon petition of any party." Defendant Boro Developers Inc. has filed such a petition, a "petition for change of venue pursuant to Pa.R.C.P. 1006—forum non conveniens," seeking to have the instant case transferred from here in Lawrence County to Montgomery County, Pennsylvania.

After a hearing of the petition, the court makes the following findings of fact:

(1) The plaintiff, Fleming Steel Company, is a corporation located in Lawrence County, Pennsylvania.

(2) The defendant, Boro Developers Inc., is a corporation located in Montgomery County, Pennsylvania.

(3) Lawrence County is in western Pennsylvania and Montgomery County is in southeastern Pennsylvania.

(4) The parties entered into a contract whereby Fleming was to produce very large hangar doors for Boro as part of a larger project Boro was undertaking for Maguire Air Force Base in Wrightstown, New Jersey.

(5) A problem developed concerning operation of the hangar door wheel in its hangar floor track.

(6) The wheel weighs approximately 300 pounds.

(7) Although the hangar door is currently functioning properly, a question remains whether the cause of the problem was the wheel (Fleming's responsibility) or the tracks (Boro's responsibility). The original wheel is in Lawrence County, and the replacement wheel is at Maguire Air Force Base in Wrightstown, New Jersey, currently being used on the hangar door.

(8) There is a related question as to whether the replacement wheel functions properly because of the difference between it and the original wheel (Fleming's responsibility) or a rectifying of the track in the hangar floor (Boro's responsibility).

(9) The court finds that the ultimate trial judge will very likely order a view of the hangar door at Maguire Air Force Base as well as the wheels in question.

(10) Boro will likely wish to call several U.S. Air Force personnel currently stationed at Maguire Air Force Base as witnesses.

(11) Maguire Air Force Base is located in New Jersey 300 miles from the Lawrence County Court of Common Pleas and 50 miles from the Montgomery County Court

of Common Pleas and is beyond the subpoena power of both courts of the witnesses located at the base.

## DISCUSSION

The doctrine of forum non conveniens is embodied into our Rules of Civil Procedure as Rule 1006(d)(1):

"For the convenience of the parties and witnesses[,] the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought." Pa.R.C.P. 1006(d)(1).

The choice of words "may transfer" indicates the matter is one within the discretionary powers of the court. And, indeed, that is true. *Radio Corporation of America v. Rotman,* 411 Pa. 630, 192 A.2d 655 (1963); *Daugherty v. Inland Tugs Co.,* 240 Pa. Super. 527, 359 A.2d 465 (1976). In fact, the discretion in this area has been termed "great." *Aerospace Finance Leasing Inc. v. New Hampshire Insurance Co.,* 696 A.2d 810 (Pa. Super. 1997). While plaintiff's choices of *forums* are always to be given deference, the court can refuse to exercise its jurisdiction when there are good reasons such as the furtherance of justice or for other public policy objectives. *Plum v. Tampax Inc.,* 402 Pa. 616, 168 A.2d 315 (1961); *Taylor v. Taylor,* 278 Pa. Super. 339, 420 A.2d 570 (1980). The reasons for transference ought to be weighty and should never deny the plaintiff a *forum. Beatrice Foods Co. v. Proctor & Schwartz Inc.,* 309 Pa. Super. 351, 455 A.2d 646 (1982); *Daugherty v. Inland Tugs Co.,* 240 Pa. Super. 527, 359 A.2d 465 (1976).

Given these findings and our authority under the foregoing law, it will be our holding that the case be trans-

ferred to Montgomery County. Only two factors lie in favor of Lawrence County. It is where Fleming is located and filed suit, and it is the location of the original wheel in question. These advantages pale when compared to those of Montgomery County.

Montgomery County is the site of the replacement wheel. It would be more difficult, expensive, and inconvenient to transport the replacement wheel to Lawrence County than to convey the original wheel to Montgomery County. Just as the original wheel may need to be examined for deficiencies, the replacement wheel may need to be examined for contrast. The replacement wheel is still attached and is performing a needed service for our armed forces. Not only would it have to be transported, but it would have to be detached, and the Air Force would need to improvise to compensate for its absence.

The only non-party witnesses mentioned to date are several Air Force personnel stationed at Maguire Air Force Base in New Jersey. Although the witnesses are beyond the subpoena powers of both courts, Maguire is approximately 50 miles from the Montgomery County Courthouse but over 300 miles from the Lawrence County Courthouse.

Finally, there is the matter of a jury view. It seems very likely to us that a jury may need to view the hangar to gain a full perspective of the nature of the situation and the import of the evidence. Additionally, and perhaps more importantly, a view of the scene may be necessary to see if alterations (*e.g.* jackhammering away old cement and then recementing) were made to the tracks in the hangar floor to accommodate the hangar door wheel.

These seem to be just the sort of considerations to merit such a transfer. Our Pennsylvania Superior Court paraphrasing the United States Supreme Court, has put it thusly:

"Important considerations in this area are the relative ease of access to sources of proof; the availability of compulsory process for the attendance of unwilling witnesses; the cost of obtaining attendance of willing witnesses; the possible need for a view of the premises, if [a] view would be appropriate to the action; and all other practical problems that make [the] trial of a case expeditious and inexpensive." *Norman v. Norfolk and Western Railway Co.,* 228 Pa. Super. 319, 324-25, 323 A.2d 850, 853 (1974), paraphrasing *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

Parenthetically, there is no question that the instant cause of action squarely falls under Pa.R.C.P. 1006(a), thereby authorizing this court to implement Pa. R.C.P. 1006(d)(1), the transferring of this case to Montgomery County, if warranted.

In conclusion, justice, efficiency, and economy dictate this case ought to be transferred to Montgomery County; our appended order makes that more ideal situation a reality.

## ORDER

In accordance with the accompanying opinion, the "petition for change of venue pursuant to Pa.R.C.P. 1006—forum non conveniens" of defendant Boro Developers Inc. is granted. Venue of this case is transferred to the Montgomery County Court of Common Pleas under Pa.R.C.P. 1006(d)(1).

Accordingly, the court directs the prothonotary of Lawrence County to so transfer the cause of action pursuant to Pa.R.C.P. 1006(d)(3). All costs and fees of the petition for transfer and removal of the record shall be paid by defendant Boro Developers Inc. and are taxable as costs.